521 A.2d 942

**Frank MARKEY**

**v.**

**Dr. Joseph MARINO. (Two Cases).**

**Appeal of Allen L. FEINGOLD, Esq. (Two Cases).**

Superior Court of Pennsylvania.

Argued May 29, 1986.

Filed Jan. 28, 1987.

Reargument Denied March 24, 1987.

Allen L. Feingold, Philadelphia, in propria persona.

John McGrath, Philadelphia, for Marino, appellee.

Before WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

These consolidated appeals are from orders directing Allen Feingold, Esquire, to pay fines and counsel fees incurred because of "his conduct in stonewalling discovery proceedings without any reasonable basis and for deliberately ignoring court orders." We will consider seriatim the issues raised.

Frank Markey, by his attorney, Allen Feingold, commenced an action against Dr. Joseph Marino for medical malpractice. On December 17, 1981, defense counsel caused a set of interrogatories to be served on the plaintiff. Later, on January 5, 1982, defense counsel also caused to be served a notice for the production of certain documents. Feingold, on behalf of the plaintiff, filed objections to the interrogatories, which the trial court ordered stricken for lack of merit. No objections were filed to the motion to produce. Thereafter, the plaintiff neither answered the interrogatories nor produced the requested documents. On March 5, 1982, the trial court granted a defense motion to compel answers to interrogatories and assessed counsel fees against plaintiff in the amount of $150. On March 30, 1982, the court entered an order directing the production of documents and making an additional award of counsel fees in the amount of $150 against the plaintiff.[1]

When the court orders directing discovery were not obeyed, the trial court, on January 4, 1984, entered a judgment of non pros against the plaintiff. Plaintiff filed a motion to reconsider, which the court heard on May 8, 1984. At that hearing, the court communicated a willingness to remove the judgment of non pros if plaintiff would comply with the court's orders of March 5 and March 30, 1982. The hearing

1. A petition for allowance of an appeal from these interlocutory orders was denied by the Superior Court on May 21, 1982.

court also determined that the refusal to comply had been the fault of Allen Feingold, plaintiff's counsel. Therefore, the court directed that Feingold pay counsel fees incurred by defendant in the amount of six hundred ($600) dollars.

This order was entered on May 9, 1984; it directed Feingold to make payment before May 14, 1984. On May 10, 1984, Feingold withdrew his appearance on behalf of the plaintiff, and new counsel entered an appearance on plaintiff's behalf. Nevertheless, several days later Feingold filed a single appeal in the Superior Court from the orders of March 5, 1982, March 30, 1982, and May 9, 1984. However, he failed to post security for the amount assessed against him personally by the order of May 9, 1984 and did not otherwise obtain a supersedeas. When the defendant subsequently attempted to enforce the order of May 9, 1984, the trial court scheduled a hearing for January 4, 1985. Feingold posted the necessary security on January 3, 1985; however, he did not notify the court or opposing counsel of this fact, and all appeared for hearing on January 4. At the conclusion of the hearing, the court found Feingold in contempt for failing to comply with the court's order of May 9, 1984 and directed that he pay a fine of $250 and additional counsel fees in the amount of $300. Feingold filed an appeal from this order, and it was consolidated for argument in this Court with the prior appeals.

The appeals from the orders of March 5, 1982 and March 30, 1982 must be quashed. These orders were interlocutory. They were sanction orders entered pursuant to authority contained in Pa.R.C.P. 4019 and pertained to discovery proceedings in the action brought by Frank Markey against Dr. Joseph Marino. The record does not disclose that the underlying action has been adjudicated finally. This Court has previously said:

As a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review

discovery or sanction orders prior to a final judgment in the main action.

*McManus v. Chubb Group of Insurance Companies,* 342 Pa.Super. 405, 410, 493 A.2d 84, 87 (1985). See also: *Miller Oral Surgery, Inc. v. Dinello,* 342 Pa.Super. 577, 493 A.2d 741 (1985).

With respect to these orders, moreover, Feingold is not an aggrieved party and has no standing to pursue an appeal. See: *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 280–281 (1975). See also: *Independent State Store v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 154, 432 A.2d 1375, 1379–1380 (1981); Pa.R.A.P. 501. The orders entered by the court in March, 1982 did not require Feingold to pay counsel fees, but rather directed his client, the plaintiff in the undecided tort action, to pay such fees. Feingold, having withdrawn his appearance, is no longer an interested party. He is not counsel for the plaintiff, and he has no personal interest in the order.

■ Pa.R.C.P. 4019 authorizes trial courts to supervise discovery in civil actions and to enforce their orders by imposing sanctions. However, "[t]he imposition of specific sanctions for failure to obey a discovery order is largely within the discretion of the court." *Lewis v. Pruitt,* 337 Pa.Super. 419, 424, 487 A.2d 16, 18 (1985). See: *Roman v. Pearlstein,* 329 Pa.Super. 392, 399, 478 A.2d 845, 848 (1984); *Brunetti v. Southeastern Pennsylvania Transportation Authority,* 329 Pa.Super. 477, 481, 478 A.2d 889, 891 (1984); *Feingold v. Philadelphia National Bank,* 313 Pa.Super. 579, 583, 460 A.2d 339, 341 (1983); *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa.Super. 245, 251, 407 A.2d 1338, 1341 (1979). "It is clear that in the exercise of judicial discretion in formulating an appropriate sanction order, the court is required to select a punishment that 'fits the crime.'" *Brunetti v. Southeastern Pennsylvania Transportation Authority, supra,* 329 Pa.Super. at 481–482, 478 A.2d at 891. In devising a suitable sanction the court must balance the need for a prompt disposition of the case

against the substantive rights of the parties.  See: *Roman
v. Pearlstein, supra.*  On appeal, a reviewing court will not
reverse unless it is shown that a trial court palpably abused
its discretion.

Following a hearing on May 8, 1984, the trial court
determined that the plaintiff's failure to comply with the
court's discovery orders, in fact, had been the product of
counsel's intransigent obstinacy.  Finding that Feingold had
been the real culprit, the trial court vacated its prior order
entering a judgment of non pros against plaintiff and
assessed against Feingold the costs and counsel fees in-
curred by defendant in obtaining the discovery which Fein-
gold had obstructed.  Such an order was authorized by rule.
See: Pa.R.C.P. 4019(g)(1).[2]  See also: *Hall v. Lee,* 285
Pa.Super. 542, 546–547, 428 A.2d 178, 180 (1981) (dictum).
We perceive no abuse of the trial court's discretion when it
directed the payment of these costs by the attorney who
had made them necessary.  The court's order of May 9,
1984, therefore, will be affirmed.[3]

The trial court's order of January 4, 1985, however,
must be reversed.  The only explanation offered for that
order has been that it was intended to compel Feingold to

2. Pa.R.C.P. 4019(g)(1) provides:
      (g)(1) Except as otherwise provided in these rules, if following
      the refusal, objection or failure of a party or person to comply with
      any provision of this chapter, the court, after opportunity for
      hearing, enters an order compelling compliance and the order is not
      obeyed, the court on a subsequent motion for sanctions may, if the
      motion is granted, require the party or deponent whose conduct
      necessitated the motions or the party or *attorney* advising such
      conduct or both of them to pay to the moving party the reasonable
      expenses, including attorney's fees, incurred in obtaining the order
      of compliance and the order for sanctions, unless the court finds
      that the opposition to the motion was substantially justified or that
      other circumstances make an award of expenses unjust.
   (emphasis added).

3. We reject out of hand the argument advanced by Feingold that the
   trial judge should have recused himself because of a personal animosi-
   ty held against Feingold.  The record does not support such an
   argument.  Moreover, the trial judge was not requested to recuse
   himself until *after* he had found Feingold in contempt on January 4,
   1985.

comply with the court's order of May 9, 1984 which had directed Feingold to pay defendant's counsel fees in the amount of $600 prior to May 14, 1984. Contempt proceedings to compel compliance with the order for counsel fees, however, were civil in nature. They were intended to coerce Feingold into paying counsel fees for the benefit of the defendant in the underlying civil action. See: *Schnabel Associates, Inc. v. Building and Construction Trades*, 338 Pa.Super. 376, 386, 487 A.2d 1327, 1332–1333 (1985), quoting *Knaus v. Knaus*, 387 Pa. 370, 378, 127 A.2d 669, 673 (1956). Such an order must contain "conditions on the sentence so as to permit the contemnor to purge himself; he must be allowed to carry the keys to the jail in his pocket." *Schnabel Associates, Inc. v. Building and Construction Trades, supra*, 338 Pa.Super. at 386, 487 A.2d at 1332, quoting *Grubb v. Grubb*, 326 Pa.Super. 218, 222–223, 473 A.2d 1060, 1062 (1984). The order entered by the trial court failed to contain conditions by which Feingold could purge himself. The contempt order, therefore, was defective.[4]

■ The order which the trial court attempted to enforce for the benefit of the defendant in the underlying action was for the payment of money. That order, however, had been appealed to the Superior Court. On January 3, 1985, the day before the contempt hearing, Feingold deposited cash in the office of the prothonotary of the lower court in the amount of 120% of the amount which he had been directed to pay by the court's order of May 9, 1984. The deposit of this money operated as a supersedeas to the order directing him to pay counsel fees. Pa.R.App.P. 1731. Feingold's failure to pay money as directed by the trial court's order, therefore, could not properly be made a basis

---

**4.** Although Feingold has not raised the issue on appeal, it is obvious that the trial court failed to adhere to the five step process mandated by the Supreme Court in *Altemose Construction Co. v. Construction Trades Council of Philadelphia and Vicinity*, 449 Pa. 194, 296 A.2d 504 (1972). See also: *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 253 A.2d 263 (1969); *Schnabel Associates, Inc. v. Building and Construction Trades, supra; Village Gentry, Inc. v. West Village*, 316 Pa.Super. 404, 463 A.2d 427 (1983).

on which to find him in contempt and punish him for his failure to pay the order.

The appeals from the orders of March 5, 1982 and March 30, 1982 are quashed; the order of May 9, 1984 is affirmed; and the order of January 4, 1985 is reversed and set aside.