**Convery v. Williams**

C.P. of Delaware County, no. 90-8382.

*Michael J. Malloy,* for plaintiffs.
*James Bradley,* for defendants.

HAZEL, *J.,* April 4, 1995—This case arises out of the plaintiffs' purchase of a residence which ultimately was discovered to have extensive termite damage.

Of the numerous named defendants, only defendant Eastern Termite and Pest Control Inc., remained at time of trial. The jury rendered a verdict in favor of defendant, having found negligence on the part of defendant and contributory negligence on the part of the plaintiffs, which was a substantial factor in bringing about their harm, thus barring recovery. Post-trial motions were

timely filed and subsequently denied, and plaintiffs have appealed, thus necessitating this opinion.

Plaintiffs raised three alleged errors in their concise statement of matters complained of on appeal. They are as follows:

"(1) the court erred in not granting plaintiffs' two motions for sanctions which sought the preclusion of any defense at trial on the part of Eastern Termite;

"(2) the court erred in allowing defendant to invoke the affirmative defense of contributory negligence when it was not pled in new matter and sua sponte allowing defendant to amend its pleading, absent a formal petition; and

"(3) the court erred in allowing defendant to call as a witness an individual who had been consulted by plaintiffs as an expert in preparation for litigation."

We will address these allegations seriatim.

Plaintiffs first complain that the court erred in refusing to impose sanctions on defendant for dilatory tactics during the discovery process.

Rule 4019 of the Pennsylvania Rules of Civil Procedure deals with sanctions. It is largely permissive in nature, with the following exceptions. Paragraph (g)(2) requires the court to impose payment of reasonable expenses and attorney's fees on the proponent of a motion for sanctions which has been denied (which we did not do in this case since we deemed the making of the motion substantially justified;) and paragraph (i) calls for the preclusion of testimony of a witness whose identity was not revealed pursuant to the rules.

The preclusion of any defense whatsoever is an extremely harsh sanction, and not one to be imposed lightly. Moreover, "[t]he imposition of specific sanctions for failure to obey a discovery order is largely

within the discretion of the court." *Markey v. Marino,* 361 Pa. Super. 92, 96, 521 A.2d 942, 944 (1987), citing *Lewis v. Pruitt,* 337 Pa. Super. 419, 424, 487 A.2d 16, 18 (1985).

Although plaintiffs claim that they were prejudiced by the delay caused by defendant's failure to turn over the evidence requested—notably, either an insurance declaration sheet or an affidavit that no insurance policy was in force as to defendant, we note that such evidence was not necessary for the trial of this case, and further, several of the continuances were a result of the court's congested trial calendar, rather than anything done by defendant.

In declining to sanction defendant for its delay in turning over the requested material, we did not abuse our discretion. Therefore, this allegation of error is without merit.

Plaintiffs next claim that they were prejudiced by the court's allowing defendant to plead contributory negligence when there had been no motion to amend pursuant to Pa.R.C.P. 1033. While it is true that in 1993, at the time of trial in this case, Rule 1030 did require that the defense of contributory negligence be pleaded in "new matter," that rule was subsequently amended, so that comparative and contributory negligence need not be pleaded. (Pa.R.C.P. no. 1030(b), amended June 16, 1994.) The explanatory note points out that "[t]hese defenses will be at issue in an appropriate case without the necessity of pleading them."

Rule 1033 provides for amendments, and allows that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. ... An amendment may be made to conform the pleading to the evidence offered or admitted."

This rule, as it existed in 1993, remains unchanged. The rule does not require that an amendment be made in writing, and, indeed, if an amendment may be made "at any time," including during the course of trial, it makes sense that it *may* be made orally.

In the instant case, plaintiffs filed a motion in limine to preclude the introduction of contributory negligence on their part. A ruling was made on the record on May 25, 1993, permitting defendant's application nunc pro tunc to amend the pleadings to include contributory negligence. Plaintiffs claim that they are prejudiced because, prior to defendant's first indicating its intention to pursue its defense in its trial memorandum of September 1992: "there were decisions made, based on the pleadings concerning experts, and most importantly, concerning settlement with the other defendant parties. The defendant (sic), in likelihood, if known that Eastern Termite was going to—or plead contributory negligence, would not have settled with the other parties. They would have taken a different tack in his (sic) procedure against all three. ..." (N.T. 5/25/93, p. 8.)

Counsel then stated that if the court were to allow the amendment, he would "need additional time to consult with the engineer who would be able to rebut now, which is basically a new defense." *(Id.* p. 9.)

Defense counsel's issue relating to contributory negligence was not that plaintiffs should have seen damage which was not visible to the average layperson, but, rather, that the disclaimer clause on defendant's inspection report of September 30, 1988 should have put plaintiffs on notice that certain areas of the premises were not covered and that a reasonable person should have looked into the matter further. *(Id.* pp. 11-14.) Nonetheless, because plaintiffs indicated that they would need an engineering expert to rebut defendant's con-

tributory negligence defense, in an abundance of caution, we allowed a one-week continuance to give plaintiffs further time to investigate that area.

We fail to see any prejudice that occurred to plaintiffs as a result of our permitting defendant to attempt to prove plaintiffs' contributory negligence. Plaintiffs were aware of this issue no later than September 1992, when defendant filed its trial memorandum indicating that contributory negligence would be an issue. Thus, plaintiffs had some seven months to prepare any rebuttal necessary in the event that the court permitted its inclusion. Moreover, the issue of contributory and comparative negligence had been specifically pleaded by defendants Roach Brothers, Ramer and Homegard in their new matter (paragraph 75), and by defendant Williams in his new matter (paragraph 65), with identical language: "Plaintiffs' claims are barred or must be diminished to the extent of their own contributory or comparative negligence or assumption of risk." Defendant Eastern Termite argues that it, too, actually raised these issues, but due to a typographical error, the "magic words" were omitted.

Paragraph 63 of defendant Eastern's new matter states:

"Plaintiffs' causes of action are barred or otherwise reduced. Plaintiffs' injuries, if any, were caused by the negligence of others over whom the defendant had no control and whose conduct the defendant had no reason to anticipate."

While on its face, the first sentence, "plaintiffs' causes of action are barred or otherwise reduced," can stand alone, in the standard language of legal pleadings, it does appear truncated, particularly when it is compared to the language of the other defendants and when one

observes the inordinately large space between the sentences in the original document.

In any event, we find that plaintiffs were advised of the contributory negligence defense well in advance of trial, and were given an additional week to prepare to meet it, once the court allowed defendant to orally amend its new matter nunc pro tunc. We therefore find that the admission of evidence and the jury charge regarding contributory negligence were proper.

Finally, plaintiffs argue that defendant should not have been permitted to call as its witness one David Katz, who had been consulted by plaintiffs as an expert in preparation for litigation.

Mr. Katz was qualified as an expert home inspector. (N.T. 6/2/93, p. 75.) He testified that in August 1988, he did a home inspection of the subject premises and issued a report which stated, in essence, that: "at the time of this inspection, I noted no deterioration of the structural members of this house which were visible due to rot or termites. However, it is not my function to certify it for the presence of insects. And I recommend that you have the house inspected by a registered exterminating company, certified free and clear of termites or any wood-destroying insects. *(Id.* p. 78.)

He further testified that there were various areas of the structure that were not accessible at the time of his inspection, notably, behind the paneled walls and drop ceilings in the basement, and crawl spaces. *(Id.* pp. 78-79.)

The inspection was done prior to plaintiffs' purchase of the home. At that time, no litigation was contemplated. Moreover, the testimony proffered on direct examination was factual in nature: *i.e.* what he saw and whether there were inaccessible areas. The fact that Mr. Katz may have

subsequently been contacted by plaintiffs in anticipation of litigation, and later was not called, is irrelevant to a discussion of whether Pa.R.C.P. 4003.5 has been violated.

Rule 4003.5(a)(3) states, in pertinent part:

"(3) a party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. ..."

The explanatory note to the rule points out that "[a] regular employe of a party who may have collected facts, prepared reports and rendered opinions, and who may be qualified as an expert is not covered by this subsection and has no immunity from discovery, simply because the party elects not to call him at trial. He is not an 'expert' within the meaning of the rule; he is simply a witness, an employe of a party."

We believe that Mr. Katz falls within this category, and therefore there was no error in allowing him to testify.

For all of the foregoing reasons, plaintiff's post-trial motions were properly denied.