J-A31043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHESAPEAKE DESIGN BUILD, LLC D/B/A/ BAYWIND HOMES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHERYL A. WIEDER | |
| Appellee | No. 1750 MDA 2013 |

Appeal from the Order entered August 29, 2013
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2009-CV-10112

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 13, 2015**

Appellant, Chesapeake Design Build, LLC, d/b/a Baywind Homes, appeals from the August 29, 2013 order finding it in civil contempt as a discovery sanction.  Orders finding a litigant in civil contempt as a discovery sanction are not appealable.  Therefore, we quash this appeal for lack of jurisdiction.

On April 26, 2013, the trial court found Appellant in civil contempt for failing to provide adequate responses to discovery requests.  On August 29, 2013, after finding that Appellant failed to purge itself, the trial court assessed $10,121.04 in attorneys' fees as a discovery sanction.  Appellant appealed to this Court, and Appellee, Cheryl A. Wieder, moved to quash the appeal.  The motions panel denied the motion without prejudice to renew it before the merits panel, which Appellee now has done.

Orders imposing sanctions for discovery violations generally are interlocutory and not appealable. ***See Stahl v. Redcay***, 897 A.2d 478, 487 & n.2 (Pa. Super. 2006); ***Bruno v. Elitzky***, 526 A.2d 781, 782-83 (Pa. 1987).

> The general rule in this Commonwealth is that a "contempt order imposing sanctions is final and appealable when entered . . . ." Conversely, "until sanctions or imprisonment is imposed, an order declaring a party in contempt is interlocutory." However, when sanctions are imposed for failure to comply with a discovery order the order imposing sanctions is not reviewable until final disposition of the underlying litigation. **This is so even though discovery sanctions are frequently imposed following a citation for civil contempt in an attempt to coerce compliance with the discovery order**.

***Fox v. Gabler***, 547 A.2d 399, 404 (Pa. Super. 1988) (emphasis added); ***see also Diamond v. Diamond***, 715 A.2d 1190, 1193 (Pa. Super. 1998) (noting that orders imposing discovery sanctions are not appealable until entry of final judgment "even where the party refusing to provide discovery is held in **civil** contempt in an effort to coerce compliance with a discovery order") (emphasis in original).[1] This Court cannot reach the merits of an appeal taken from a non-appealable order. ***In re Bridgeport Fire Litig.***, 51 A.3d 224, 229 (Pa. Super. 2012).

In response, Appellant cites several cases concerning appeals from civil contempt citations. Appellant's Brief at 11 (citing ***Rhoades v. Pryce***,

---

[1] Orders imposing sanctions for indirect **criminal** contempt are appealable as collateral orders under Pa.R.A.P. 313. ***Diamond***, 715 A.2d at 1194-95.

874 A.2d 148 (Pa. Super. 2005) (*en banc*); ***Diamond v. Diamond***, 792 A.2d 597 (Pa. Super. 2002); ***Lachat v. Hinchliffe***, 769 A.2d 481 (Pa. Super. 2001)). None of those cases, however, involved contempt entered as a discovery sanction against a litigant under Pa.R.C.P. No. 4019 (providing for discovery sanctions). ***See Rhoades***, 874 A.2d at 149 (appellant found in contempt of equitable distribution order entered in connection with final divorce decree); ***Diamond***, 792 A.2d at 599 (litigant's attorney found in contempt of order directing her to pay for accidental destruction of documents); ***Lachat***, 769 A.2d at 484-85 (litigants found in contempt of final decree settling an equity action). We also note that our decision in ***Markey v. Marino***, 521 A.2d 942 (Pa. Super. 1987), is distinguishable. In ***Markey***, we addressed the merits of sanctions orders entered against the litigants' **former attorney**. ***Id.*** at 944-45. Moreover, ***Markey*** predates our Supreme Court's decision in ***Bruno***, 526 A.2d at 782-83 (holding that discovery sanctions orders are interlocutory), as well as more recent pronouncements of this Court. ***See, e.g., Diamond***, 715 A.2d at 1193; ***Fox***, 547 A.2d at 404.

In this case, the order appealed from awarded Appellee attorneys' fees as a discovery sanction under Rule 4019. The trial court's civil contempt

finding does not transform the order into a final order.[2]  Therefore, the order is non-appealable.

Application to quash appeal granted.  Appeal quashed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2015

---

[2] In its docketing statement, Appellant contended the order was collateral.  A collateral order is (1) separable from the main cause of action; (2) where the right involved is too important to be denied review; and (3) where delaying review until final judgment will cause the claim to be irreparably lost.  **See** Pa.R.A.P. 313.  Appellant has not stated how the order meets these three requirements.

We would note, however, that Appellant's right to challenge the contempt finding as a discovery sanction would not be lost if timely and properly appealed after a final order is entered in this case.