MCINERNEY, J.,
Defendant-Appellant David Whitnack Distributing, Inc. (“appellant”) and appellant’s counsel, William J. O’Brien II, Esquire, (sometimes referred to collectively as “appellants”) appeal from a March 31, 2015 discovery order which granted sanctions against both appellant and Mr. O’Brien in the amount of $500 payable to plaintiffs-appellees Forty Seven Hundred, L.P.. et al., (“appellees”) as reasonable expenses, including attorney’s fees, incurred in obtaining (1) the February 10, 2015 order compelling appellant’s principal, David Whitnack, to appear for a deposition on or before February 24, 2015 and (2) the March 31, 2015 order for sanctions after Mr. Whitnack failed to appear. Because the appeal of a discovery order granting sanctions is interlocutory and not immediately appealable, this appeal should be quashed.
I. BACKGROUND
While the actions and inactions of appellant and its counsel have left this case with a convoluted procedural *568 and factual history, the following is what this court believes is relevant at this juncture. On May 12, 2014, appellees commenced the instant action against appellant for breach of a commercial lease. Therein, appellees asserted damages against appellant for rent as a holdover tenant and for destruction to the property upon appellant actually vacating it.
On January 9, 2015, appellees served notices of deposition scheduling depositions of appellant’s principal, Mr. Whitnack, and appellant’s corporate designee for January 21, 2015. In response to appellees’ counsel’s request for confirmation that the requested witness(es) would be appearing for the scheduled deposition(s), on January 20, 2015, appellant’s counsel explained his position in an e-mail to appellees’ counsel that the discovery would not be provided because the matter was stayed pending disposition of an application for determination of finality pursuant to Pennsylvania Rule of Appellate Procedure 341(c) that appellant had filed in regard to an order disposing of preliminary objections to appellant’s counterclaims. On January 23, 2015, in response appellees’ counsel explained her position that this matter was not stayed because appellant’s application was untimely filed and, therefore, deemed denied and requested appellant immediately provide deposition date(s).
Appellant’s counsel did not respond to appellees’ counsel’s request, and on January 28,2015, appellees filed a motion to compel discovery. Therein, appellees asserted they are entitled to dispose Mr. Whitnack and appellant’s corporate designee, and time was of the essence with *569 regard to these depositions because discovery was set to end on February 2, 2015. On February 10, 2015, following a hearing, this court entered an order requiring, among other things, appellant’s principal, Mr. Whitnack, and appellant’s corporate designee appear for deposition in appellees’ counsel’s offices on or before February 24, 2015.
At the hearing on February 10, 2015, appellant’s counsel, Mr. O’Brien, did not mention Mr. Whitnack was suffering from any infirmity that would affect his ability to sit for the deposition as ordered. On February 18, 2015, Mr. O’Brien sent a letter to the court requesting that it reconsider requiring Mr. Whitnack to appear for a deposition on or before February 24th because Mr. Whitnack was suffering from a most serious illness that Mr. O’Brien was previously instructed not to disclose and the associated pain and the pain medication were preventing Mr. Whitnack from producing cogent testimony. In lieu of Mr. Whitnack, Mr. O’Brien suggested producing only appellant’s general manager, Michael Davis, for deposition on February 24, 2015. In response, this court stated that the subject matter of Mr. O’Brien’s letter was not something that could appropriately be dealt with by letter, and if it was something that could not be worked out with opposing counsel, appellant would have to file a motion for reconsideration.
Appellant did not file a motion for reconsideration of the order requiring Mr. Whitnack to appear for a deposition on or before February 24th and Mr. Whitnack did not appear for such a deposition. On February 25, 2015, appellees filed a motion for sanctions — the March 31, 2015 order *570 ultimately disposing of such being the subject of this appeal. In their motion for sanctions, appellees argued, among other things: “[appellees] specifically requested and the [c]ourt ordered that an appropriate designee ... appear for deposition and [Mr.] Whitnack... appear for deposition on or before February 24, 2015, neither of which appeared”; “Mr. Davis may have been an appropriate deponent on certain factual issues, but he did not [have] sufficient knowledge to serve as a corporate designee testifying to the areas of inquiry set forth in the notice of deposition and ordered by the court;” and “[Appellees] have been unable to secure the deposition of the only person with sufficient knowledge of all underlying facts and allegations set forth in this litigation or the only person to have verified the pleadings[, Mr. Whitnack].” As a sanction, appellees sought monetary sanctions and preclusion of evidence through dispositive motions and/or trial.
On March 10, 2015, a hearing was held for appellees’ motion for sanctions. Counsel for appellant, Mr. O’Brien, did not appear at the hearing and the motion was, therefore, treated as uncontested. By order dated March 10, 2015, this court granted appellees’ request to preclude appellant from introducing evidence or testimony in support of its alleged defenses through dispositive motions and/or trial, but denied its request to impose monetary sanctions.
On March 20, 2015, appellant filed a motion for reconsideration of the March 10, 2015 order. Therein, appellant’s counsel did not offer a non-negligent reason for failing to appear at the hearing. Rather, appellant’s counsel asserted that while he did enter the hearing on his schedule via his smartphone, the entry was not synced *571 to his desktop (and was therefore not viewable thereon) because he either failed to sync the entry or the sync was interrupted by a poor cellular connection. Appellant’s counsel, however, also asserted:
Following medical tests and evaluation, in early January 2015, David Whitnack was diagnosed with stage IV stomach cancer. Soon after learning of that diagnosis, Mr. Whitnack met with [appellant’s] counsel to review [appellees’] written discovery requests. At that time, [appellees] had issued its January 9, 2015 notice of deposition .... Mr. Whitnack informed [appellant’s] counsel that he could not, at that time, endure a deposition due to the pain and discomfort of his illness, as compounded by prescribed pain medications. When [appellant’s] counsel suggested the filing of a motion for a protective order, Mr. Whitnack expressed firm objection. Mr. Whitnack explained that he had founded [appellant] in 1990 and, for the next twenty-four years, operated a HVAC supply business at 4700 B Wissahickon Avenue. After vacating his former leased premises, he learned that [appellees] had leased his former space to a competitor, Associate Refrigeration Inc.
⅝⅝⅝
Mr. Whitnack believed that [appellees] would disclose his medical condition to its tenant who might use the information to [appellant’s] commercial disadvantage. Counsel was directed by David Whitnack, [appellant’s] sole shareholder, not to disclose his medical condition in the course of this litigation.
*572 With this background, appellant argued precluding it from introducing evidence and testimony in support of its defenses was too severe of a sanction for Mr. Whitnack’s failure to appear for deposition on or before February 24, 2015 where “[t]he proximate causes that Mr. Whitnack has not been deposed [were] [appellees’] delay in scheduling the deposition twelve days before the discovery deadline; and Mr. Whitnack’s medical condition.”
On March 30, 2015, appellees filed a response in opposition to appellant’s motion for reconsideration. Therein, appellees asserted this court properly awarded sanctions and appellant failed to provide a sufficient basis for reconsideration. In terms of failing to comply with the February 10,2015 order directing Mr. Whitnack to appear for a deposition on or before February 24,2015, appellees argued:
[Appellant] explains that two factors contributed to why Mr. Whitnack did not appear and that should excuse [appellant’s] noncompliance. First, [appellant] blames [appellees’] alleged delay in noticing his deposition. Second, Mr. Whitnack is allegedly suffering a serious illness. Even if both are true, these arguments could have/should have been raised by counsel on February 10, 2015 before the [c]ourt entered an order directing Mr. Whitnack to appear for a deposition before February 24, 2015. At a minimum, [appellant] could have/should have raised these factors through submission of a motion for reconsideration of the order compelling [Mr.] Whitnack’s deposition before February [24th]. In fact, when counsel notified the [c] ourt [Mr. Whitnack was sick by letter dated February *573 18, 2015], the [c]ourt notified counsel that a motion for reconsideration is required in order to entertain the request to vacate or amend the order requiring [Mr.] Whitnack appear for deposition. [Appellant] filed a motion for reconsideration of the other February 10th order [imposing a $1,000 monetary sanction against appellant’s counsel and disposing of another discovery motion], but chose not to file a motion for reconsideration of the [February 10th] order compelling depositions. [Appellant] has therefore waived its right to seek reconsideration of the order compelling [Mr.] Whitnack’s appearance and [appellant’s] motion for reconsideration of the sanctions order dated March 10, 2015 must be denied....
On March 31, 2015, this court granted reconsideration and vacated its March 10, 2015 order disposing of appellees’ motion for sanctions. That same date, this court entered a new order disposing of appellees’ motion for sanctions. In its new order, which is the order appealed from here, rather than impose the harsher penalty of precluding appellant from introducing evidence in support of its alleged defense through dispositive motions and/or trial, this court imposed a less severe monetary sanction of $500 each against appellant and Mr. O’Brien as compensation for reasonable expenses, including attorney’s fees, appellees incurred in obtaining the February 10, 2015 order compelling Mr. Whitnack to appear for a deposition on or before February 24, 2015, and the March 31, 2015 order for sanctions after Mr. Whitnack failed to appear.
In entering that order, this court was sympathetic to Mr. Whitnack’s illness. This court, however, was also *574 sympathetic to the efforts appellees’ counsel were required to undergo to obtain discovery. And those efforts would have been significantly reduced if, among other things, Mr. Whitnack had refrained from instructing his counsel to not disclose for business reasons that he was ill at the February 10, 2015 hearing or if Mr. O’Brien had filed timely a motion for reconsideration from the February 10, 2015 order compelling Mr. Whitnack to appear for a deposition — a motion Mr. O’Brien has shown he is more than capable of filing — or if Mr. O’Brien had shown up at the March 10, 2015 hearing where the initial order disposing of the motion for sanctions was entered. On April 10, 2015, however, appellant and its counsel filed the instant appeal from this court’s March 31, 2015 discovery order imposing a modest monetary sanction against them for their conduct and as compensation for appellees additional expense.
On April 20, 2015, this court issued an order (1) directing appellants to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement and (2) noting its belief that the March 31, 2015 order is interlocutory and not immediately appealable and the instant appeal should either be withdrawn or quashed. In their 1925(b) statement, appellants set forth five complaints of error, with only one directly related to the March 31, 2015 order that was appealed from and the others relating to the February 10, 2015 order compelling Mr. Whitnack to appear for a deposition on or before February 24, 2015. Having reviewed the 1925(b) statement, and while believing the complaints lack merit, it is the position of this court that the instant appeal should be quashed because appellants are at best seeking review of an interlocutory and not *575 immediately appealable discovery sanctions order.
II. DISCUSSION
“Pennsylvania law makes clear: ‘[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).’” Stahl v. Redcay, 897 A.2d 478, 485 (Pa. Super. Ct. 2006), quoting Pace v. Thomas Jefferson University Hosp., 717 A.2d 539, 540 (Pa. Super. Ct. 1998). “Afinal order is one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court’s determination.” Stahl v. Redcay, 897 A.2d at 485.
While “civil contempt orders imposing sanctions generally constitute final, appealable orders[,]” “under prevailing Pennsylvania law ... sanctions involving discovery orders remain interlocutory and not immediately appealable.” See Stahl, 897 A.2d at 487 n.2. See also 20 West’s Pa. Prac, Appellate Practice § 312.17 (“The exception to the general rule that a civil contempt order is appealable as long as it imposes sanctions involves sanctions for discovery orders; as a general matter, an order imposing ... sanctions for discovery violations is interlocutory and not immediately appealable”). Here, the March 31, 2015 order imposes sanctions for discovery violations. As such, the order is interlocutory and not immediately appealable.
The Superior Court has stated on a number of *576 occasions that: “[a]s a general rule, [it] will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, [it] will not review discovery or sanction orders prior to a final judgment in the main action.” Markey v. Marino, 521 A.2d 942, 944 (Pa. Super. Ct. 1987), quoting McManus v. Chubb Group of Ins. Cos., 493 A.2d 84, 87 (Pa. Super. Ct. 1985). In this case, there is no need from the court to deviate from the norm to review a discovery sanctions order that imposes modest monetary sanctions on appellant and its counsel for all the additional expense appellees incurred as a result of, among other things, Mr. Whitnack failing to allow appellant’s counsel to timely disclose his illness for business reasons and appellant’s counsel failing to timely file a motion for reconsideration of the order requiring Mr. Whitnack’s deposition or to show up for the hearing for the relevant motion.
WHEREFORE, for the reasons stated above, this appeal should be quashed.