**Harold DIAMOND, Appellee,**

v.

**Sandra B. DIAMOND.**

**Appeal of: Dorothy K. Phillips, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 2001.
Filed Feb. 13, 2002.

■

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert Lee FELDER, Appellant.**

Supreme Court of Pennsylvania.

Argued March 6, 2002.
Decided March 22, 2002.

Samuel C. Stretton, West Chester, for appellant.

Neil H. Stein, Philadelphia, for Harold Diamond, appellee.

Before JOHNSON, TODD, and KELLY, JJ.

JOHNSON, J.

¶ 1 Dorothy Phillips (Phillips) appeals from the entry of the trial court's order of contempt. Phillips contends that the trial court's order constituted an order of criminal rather than civil contempt and that the trial court did not provide her with due process required for a criminal contempt conviction. Phillips also contends that the evidence is not sufficient to support a finding of criminal contempt. Upon review, we conclude that the order was one of civil contempt and that the trial court did not abuse its discretion in finding Phillips in contempt and awarding attorney fees. For the following reasons, we affirm the trial court's order.

¶ 2 Phillips was counsel for Sandra Diamond (Wife) in the underlying contentious divorce action between Wife and Harold Diamond (Husband). In April 1999, Husband produced his original checks and bank statements for several calendar years as part of discovery in the underlying divorce action and delivered the documents to Phillips' office. A few weeks after delivery of the documents, Phillips informed Husband's counsel that her office's cleaning staff had accidentally discarded the documents from 1997. Husband demanded that Phillips pay for Husband's bank to produce copies of the documents. Husband's counsel then filed a Petition for Special Relief when Phillips did not comply with the request. The trial court convened a hearing and on May 4, 1999, ordered Phillips to order and pay for the replacement of the lost financial documents. Husband's attorney did not receive the documents and so filed a Petition for Contempt on September 17, 1999.

¶ 3 The hearing on the contempt petition was delayed until December 14, 2000, because the judge in the matter was reassigned out of the family court. On December 21, 2000, the trial court found Phillips in contempt and ordered her to pay five-hundred dollars of Husband's attorney fees and sixty dollars of filing fees Husband incurred seeking compliance with the May 1999 order. Phillips ordered and paid for the replacement documents the day before the contempt hearing, more than nineteen months after the trial court's original order. Additionally, Phillips has since paid the $560 fee from the order of contempt. Phillips filed a motion for reconsideration of the order of contempt, which was denied. Phillips now appeals from the order of contempt.

¶ 4 In October 1999, Phillips withdrew as counsel for Wife. Additionally, during this time period, Phillips was diagnosed with breast cancer but testified that she was in her office every day to serve the need of her clients.

¶ 5 Phillips presents the following questions for our review:

1. Did the trial judge incorrectly confuse civil and criminal contempt, not follow the proper procedures for criminal contempt and violate fundamental due process [rights] of Ms. Phillips?

2. Did the trial judge err in making a finding of contempt since the finding of contempt was not supported by sufficient evidence? Did the evidence demonstrate no intentional misconduct by Ms. Phillips due to the fact that she was suffering from serious medical problems and the

opposing attorney delayed sending her documents and providing her with the necessary information?

Brief for Appellant at 4.

∎ ¶ 6 Initially, we conclude that this contempt order is appealable because it is a final order imposing sanctions upon Phillips. *See Sargent v. Sargent,* 733 A.2d 640 (Pa.Super.1999). "This Court will not reverse or modify a final decree unless there has been an error of law or an abuse of discretion, or if the findings are not supported by the record, or there has been a capricious disbelief of the credible evidence." *Mrozek v. James,* 780 A.2d 670, 673 (Pa.Super.2001). As each court is the exclusive judge of contempts against its process, we will reverse an order of contempt only upon a showing of a plain abuse of discretion. *See id.*

∎ ¶ 7 In her first issue, Phillips contends that the trial court's order was one of criminal contempt rather than civil contempt. Brief for Appellant at 15. Phillips contends that because the contempt was criminal, the trial court violated her due process rights by failing to afford her a jury trial and by not requiring proof beyond a reasonable doubt. Brief for Appellant at 18, 22.

∎ ¶ 8 The distinction between criminal and civil contempt is crucial as the due process provided differs significantly. *See Lachat v. Hinchcliffe,* 769 A.2d 481, 487 (Pa.Super.2001). However, there is nothing inherent in a particular contemptuous act that classifies such act as either criminal or civil contempt. *Id.* Rather, the distinction between the two is the court's dominant purpose in using the contempt power. *Id.* This court has recently explained the difference between the two as follows:

> If the dominant purpose is to vindicate the dignity and authority of the court

and to protect the interest of the general public, it is a proceeding for criminal contempt. But where the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a private party, proceedings to enforce compliance with the decree of the court are civil in nature. The purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for losses sustained.

*Id.* at 487–488 (citations omitted). We conclude that the contempt order in the present case was civil because the only purpose was to compensate Husband for the expenses he incurred in enforcing the court's prior order requiring Phillips to replace Husband's financial documents that her office lost.

¶ 9 Phillips argues the dominant purpose of the order was to punish rather than to coerce because the order did not contain a provision by which she could avoid the imposition of sanctions by satisfying the original order. Brief for Appellant at 17. She therefore contends that the order was one of criminal contempt. Brief for Appellant at 17. Phillips argument is unpersuasive. In *Mrozek v. James,* a recent decision authored by President Judge Del Sole, we concluded that a court could impose unconditional attorney's fees and other fees relevant to the contempt action. *Mrozek,* 780 A.2d at 675. We specifically held that counsel fees are a proper element of a civil contempt order, because the award of counsel fees is intended to compensate innocent litigants for expenses made necessary by the conduct of an opponent rather than merely to punish the contemnor. *See id.*

¶ 10 Phillips also contends that the attorney fees are improper in this case because the trial court did not satisfy 42 Pa.C.S. § 2503(7) which requires that the court make a finding of "dilatory, obdurate or vexatious conduct during the pendency of the matter" prior to imposing attorney fees. Brief for Appellant at 22. Again, Phillips' argument is without merit. In *Mrozek*, this court held that the "award of [attorney's] fees is an appropriate remedy in a civil contempt case, separate and apart from the statutory provision for attorney's fees under 42 Pa.C.S. 2503(7)." *Id.* at 674.

¶ 11 Phillips contends that she was not provided the requisite due process for a conviction of criminal contempt. As we have concluded that the order of contempt was civil in nature, we will review her claims as they relate to the due process required for civil contempt. Ordinarily, due process requires a five-step procedure prior to a finding of civil contempt. However, when the contempt proceedings are predicated on a violation of a court order that followed a full hearing, "due process requires no more than notice of the violations alleged and an opportunity for explanation and defense." *Schnabel Assoc. v. Building & Construction Trades Council of Philadelphia,* 338 Pa.Super. 376, 487 A.2d 1327, 1334–5 (1985) (quoting *Rouse Philadelphia Inc. v. Ad. Hoc. '78,* 274 Pa.Super. 54, 417 A.2d 1248, 1259 (1979)). In the case at hand, Phillips was the attorney for wife at the hearing at which the original order was made. Phillips filed an answer in response to Husband's contempt petition and Phillips presented her case to the trial court during the contempt hearing on December 14, 2000. We conclude that Phillips was provided notice of the violation and an opportunity for explanation and defense, and

therefore her due process rights were not violated.

¶ 12 In her second issue, Phillips claims that there was insufficient evidence for a finding of criminal contempt. Brief for Appellant at 24. As we have found that the order imposed by the trial court was one of civil contempt, we will address the sufficiency of the evidence as it relates to civil contempt. To prove civil contempt, the asserting party must show non-compliance with an order of the court by a preponderance of the evidence. *See id.*

¶ 13 The trial court held as follows:

First, this Court rejects [Phillips'] claim that her illness rendered her conduct unintentional.... *All that [Phillips] needed to do to comply with this Court's Order was to write a check to the bank in the amount of $593 and to send the check.* Clearly, had she wanted to comply, she could have and would have complied. Significantly, [Phillips] did not seek reconsideration, nor a stay of the Court's Order. Instead she simply chose not to comply for nineteen (19) months, and only complied on the day before the scheduled contempt hearing.... The facts lead to one unmistakable factual finding. This Court finds as fact that [Phillips] *consciously* decided not to comply with this Court's order of May 4, 1999.

Trial Court Opinion, 5/16/01, at 4 (emphasis in original).

¶ 14 As noted above, each court is the exclusive judge of contempts against its process, and we will reverse an order of contempt only upon a showing of a plain abuse of discretion. *Mrozek v. James,* 780 A.2d at 673. The evidence is undisputed that Phillips did not comply with the May 1999 order until one day before the contempt hearing, thus requiring Husband to incur costs to enforce the order. Addition-

ally, the trial court as finder of fact is free to disbelieve Phillips' claim that her illness rendered her conduct unintentional. *See Nemirovsky v. Nemirovsky,* 776 A.2d 988, 993 (Pa.Super.2001). We conclude that the trial court had before it sufficient evidence to find that Phillips did not comply with the order for nineteen months. Additionally, we conclude that the trial court did not abuse its discretion when it ordered Phillips to pay the filing fees and a portion of the attorney fees related to the enforcement of the May 1999 order.

¶ 15 For all the forgoing reasons, we affirm the trial court's order.

¶ 16 Order **AFFIRMED.**