Antwine WOOD, minor child, and Dawn Crawley, parent and natural guardian of Antwine Wood, and Roosevelt Jamal Gray, minor child, and Cathy Gray, parent and guardian of Roosevelt Jamal Gray, Appellants,

v.

Julia GEISENHEMER–SHAULIS, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 10, 2003.
Filed June 12, 2003.

David W. Waties, Philadelphia, for appellants.

Brian D. Boyle, Philadelphia, for appellee.

Before: JOHNSON, FORD ELLIOTT, and CAVANAUGH, JJ.

CAVANAUGH, J.

¶ 1 David W. Waties ("Waties"), counsel for Antwine Wood ("Wood"), Dawn Crawley, Roosevelt Jamal Gray ("Gray"), and

Cathy Gray, appeals from the trial court's September 28, 2001 order directing him to pay $350 to appellee Julia Geisenhemer–Shaulis ("Geisenhemer–Shaulis") for failing to comply with the trial court's November 20, 2000 order. We vacate the order and remand for a hearing, as the trial court erred in holding Waties in civil contempt without a hearing.

¶ 2 We recite the facts as set forth by the trial court's PA.R.APP.P.1925(a) opinion:

> Minor Plaintiffs [i.e., Wood, *et al.*] were injured in an automobile accident when the vehicle in which they were passengers was struck by Defendant's [i.e., Geisenhemer–Shaulis'] car. [Waties] settled his minor clients' claims directly with the Defendant's insurer, Prudential Property and Casualty Insurance Company ("Prudential"), and therefore, was not required to file a Complaint on their behalf. This settlement was confirmed in writing by letter dated October 10, 1998.

> Thereafter, Prudential's adjuster made numerous attempts to contact [Waties] to finalize the matter. Receiving no response, the adjuster sent the case to [Boyle (appellee's counsel)] who filed a Petition to Enforce Minor's Compromise [around October 13, 2000].

Trial Op., slip op. at 1–2, Apr. 19, 2002.

¶ 3 Waties, around November 13, 2000, filed a response claiming (a) that Dawn Crawley (guardian of Antwine Wood) stated that she would sign the documents necessary to file the petition for minor's compromise; and (b) that Katherine Gray (mother of Roosevelt Gray) had signed the necessary documents. *See* Pl.'s Resp. to Def.'s Pet. to Enforce Minor's Compro-

mise, R.R. at 16a–18a. Waties, therefore, requested that the court deny Geisenhemer–Shaulis' Petition or "provide counsel with ninety days to file the motion in order to receive the signed documents from the minor's mother." *Id.*, R.R. at 18a.[1]

¶ 4 The Honorable Patricia A. McInerney granted Waties' request and directed him to file the petitions within ninety days, or by February 20, 2001. *See* Trial Order, Nov. 20, 2000. The trial court also stated that if Waties failed to comply, "sanctions and attorneys fees will be imposed upon further Order of this Court." *Id.*

> As of June 30, 2001, [Waties] had not complied with the terms of the Order as to Plaintiff Antwine Wood. [Waties] had filed a Petition to Compromise the Claim of Roosevelt Gray, but that Petition was denied without prejudice due to the failure of [Waties] to provide information requested by the Honorable Joseph D. O'Keefe.

> Thereafter, on July 19, 2001, [Boyle] filed a Motion for Sanctions for failure to comply with Judge McInerney's Order. In the response to this Motion filed on August 20, 2001, [Waties] alleged that he had not willfully ignored the Order of Judge McInerney. Instead, [Waties] explained that he was unable to complete the Petition to Compromise the claim of Roosevelt Gray due to the existence of a welfare lien which the Department of Public Welfare ("DPW") refused to compromise. [Waties] also stated that he had returned to work after missing six weeks due to emergency surgery and resulting complications. [Waties] concluded that the delay in filing the Petitions was due to his problems with DPW and his personal

---

1. Although Gray's mother purportedly signed the necessary documents, Gray's Petition for Minor's Compromise was not filed until February 2, 2001—almost three months after Waties filed the response.

illness, and not to any dilatory conduct on his part.

Trial Op., slip op. at 1–2, Apr. 19, 2002. Waties, according to his brief, fell ill in May 2001, or approximately two months after the trial court's February 20, 2001 deadline.

¶ 5 After oral arguments, the trial court granted the motion for sanctions. The order, entered September 28, 2001, directed Waties to pay appellee $350 for failing to comply with the court's November 20, 2000 order. Waties filed this appeal and presents three issues in his brief:

I.    Did the trial court commit an error of law in sanctioning plaintiff's counsel without holding a hearing on the matter?

II.   Did the trial court commit an error of law in sanctioning plaintiff's counsel without holding a hearing in the matter to find willfulness as a basis for the sanction?

III.  Did the trial court commit an error of law in sanctioning plaintiff's counsel when evidence indicated or would have indicated no basis for sanction or contempt or penalty warranting the award of attorneys fees?

¶ 6 We first distinguish between an award of counsel fees under title 42, section 2503 of the Pennsylvania Consolidated Statutes ("section 2503") and a finding of contempt, which may include an award of counsel fees as a sanction. *See Mrozek v. James*, 780 A.2d 670, 674 (Pa.Super.2001) (stating, "[t]he award of attorneys fees is an appropriate remedy in a civil contempt case, *separate and apart* from the statutory provision for attorney's fees under 42 Pa.C.S.A. [§ ] 2503(7).") (emphasis supplied); *accord Diamond v. Diamond*, 792 A.2d 597, 601 (Pa.Super.2002); *see generally* 42 Pa.C.S.A. § 2503(7) (allowing a party "counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter."). Classically, in considering a motion to award counsel fees under section 2503, an evidentiary hearing is generally required. *Compare Thunberg v. Strause*, 545 Pa. 607, 682 A.2d 295, 299 (1996) (reviewing, in considering section 2503 issue, procedural history, which included a hearing at which Thunberg's counsel testified); *State Farm Mut. Auto. Ins. Co. v. Allen*, 375 Pa.Super. 319, 544 A.2d 491, 494 (1988) (finding trial court erred in awarding section 2503 counsel fees as record was unclear due to trial court's failure to hold a hearing), *with Kulp v. Hrivnak*, 765 A.2d 796, 800 (Pa.Super.2000) (finding, in addressing section 2503 issue, no evidentiary hearing necessary where facts were undisputed).

¶ 7 With respect to civil contempt, "[i]t is axiomatic that courts have always possessed the inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with said orders." *Rouse Philadelphia Inc. v. Ad Hoc '78*, 274 Pa.Super. 54, 417 A.2d 1248, 1257 (1979) (citations omitted).

The objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances to compensate the complainant for loss sustained. In civil contempt cases, the complaining party has the burden of proving noncompliance with the court order by a preponderance of the evidence. To be punished for civil contempt, a party must have violated a court order. The order that forms the basis for the contempt process in civil proceedings must be definitely and strictly construed. Any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor

of the defendant. Where the order is contradictory or the specific terms of the order have not been violated, there is no contempt.

*C.R. by Dunn v. Travelers,* 426 Pa.Super. 92, 626 A.2d 588, 592 (1993) (citations omitted); *see also Woods v. Peckich,* 463 Pa. 274, 344 A.2d 828, 832 (1975); *see generally Schnabel Assocs., Inc. v. Bldg. and Const. Trades Council of Philadelphia and Vicinity, AFL–CIO,* 338 Pa.Super. 376, 487 A.2d 1327 (1985) (discussing differences between criminal and civil contempt).

¶ 8 Generally, "[i]n order to hold one in civil contempt, a five-step process must be followed: (1) a rule to show cause why an attachment should not issue, (2) an answer and hearing, (3) a rule absolute, (4) a hearing on the contempt citation, and (5) an adjudication." *Schnabel Assocs., Inc.,* 487 A.2d at 1333 (citations omitted). Fulfillment of all five factors is not mandated, however. "[W]hen the contempt proceedings are predicated on a violation of a court order that followed a full hearing, due process requires no more than notice of the violations alleged and an opportunity for explanation and defense." *Diamond,* 792 A.2d at 601 (internal quotation marks and citations omitted).

¶ 9 The court, after finding civil contempt, may impose sanctions.

Attorneys' fees and other disbursements necessitated by the contemnor's noncompliance may be recovered by the aggrieved party in a civil contempt case. Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent, it is coercive and compensatory, and not punitive. Counsel fees are a proper element of a civil contempt order. In reviewing a grant of attorney's fees, we will not dis-

turb the decision below absent a clear abuse of discretion.

*Mrozek,* 780 A.2d at 674 (citations omitted). We have found a clear abuse of discretion when the trial court makes a "determination based on a record where no testimony was taken and no evidence entered...." *Chrysczanavicz v. Chrysczanavicz,* 796 A.2d 366, 369 (Pa.Super.2002) (citation omitted) (remanding for evidentiary hearing on contempt petition where trial court improperly dismissed contempt petition without a hearing).

¶ 10 In sum, we must first examine the order itself. *See C.R. by Dunn,* 626 A.2d at 592. Second, we must ascertain whether the movant sustained its burden of proof in demonstrating that the non-movant failed to comply with the court's order. *See id.* In pursuing this second inquiry, we must ensure that due process has been followed. *See, e.g., Schnabel Assocs., Inc.,* 487 A.2d at 1333. Finally, if civil contempt is found and counsel fees are awarded as sanctions, we must examine whether the trial court abused its discretion. *See Mrozek,* 780 A.2d at 674.

¶ 11 We first ascertain whether Boyle's motion for sanctions was a request for counsel fees pursuant to section 2503 or a request for a finding of civil contempt, which may include an award of counsel fees as a sanction. We find that it was the latter.

¶ 12 The Petition to Enforce Minor's Compromise and the trial court's order placed Waties on notice that failure to timely file the petitions may result in sanctions and counsel fees. Waties failed to fully and timely comply. Boyle filed a motion for sanctions requesting that the court order Waties to "pay [appellee] $350 for the failure to comply with this Court's Order dated November 17, 2000." Def.'s Mot. for Sanctions, R.R. at 49a.

 ¶ 13 We interpret Boyle's motion as a request for a finding of civil contempt with a sanction of counsel fees. We will not go so far as to interpret the motion as a section 2503 request for counsel fees. We agree that dilatory conduct apparently exists given that two years lapsed without a filing of the minors' petitions. The request for counsel fees, however, was not based on such conduct, but rather on Waties' failure to comply with the November 20, 2000 court order. We now ascertain whether the trial court appropriately found Waties in civil contempt.

¶ 14 With respect to the first inquiry of our tripartite analysis, we find that the trial court's November 20, 2000 order was unambiguous. The order states:

(1) Plaintiffs' counsel [is ordered to] file a Petition for Minors' Compromise, within ninety (90) days from the date of this Order; and

(2) If Plaintiffs' counsel fails to comply with this Order, sanctions and attorneys fees will be imposed upon further Order of this Court.

Trial Order, Nov. 20, 2000. We find no ambiguous language. The trial court employed terminology that explicitly directed Waties to file the petitions within ninety days, or by February 20, 2001.

 ¶ 15 With respect to the second inquiry, we find that the trial court erred in finding Waties in civil contempt without an evidentiary hearing. *See Diamond,* 792 A.2d at 601; *Schnabel Assocs., Inc.,* 487 A.2d at 1333. The trial court's finding was entered after oral arguments, which did not allow Waties to testify or introduce evidence that would purportedly excuse his inability to comply with the court's November 20, 2000 order.[2] *See Chrysczanavicz,*

796 A.2d at 369. By extension, we cannot ascertain whether Boyle met his burden of proof, although under the facts of this case, Waties clearly failed to timely comply with the trial court's order. We vacate the trial court's finding of civil contempt and remand for a hearing on the motion for sanctions.

¶ 16 Order vacated. Case remanded. Jurisdiction relinquished.

---

**2.** Although not germane to our decision, we note that the record apparently undermines or contradicts assertions contained within

Waties' brief. We will not pursue such inconsistencies, however, without the benefit of a hearing and findings of fact by the trial court.