**George B. McNELIS and Jean Plante McNelis, Appellants,**

v.

**Robert T. LEAR and Winifred S. Lear, Lewis E. Little and Martha C. Little,**

v.

**Obermayer, Rebmann, Maxwell & Hippel, William G. Schwartz and Susan Sygenda, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 7, 2005.
Filed Dec. 14, 2005.

Kenneth J. Fleisher, Philadelphia, for appellant.

Gary P. Lightman, Philadelphia, for Little, appellees.

Before: DEL SOLE, P.J., FORD ELLIOTT, STEVENS, MUSMANNO, ORIE MELVIN, LALLY–GREEN, TODD, McCAFFERY and PANELLA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Presented for review is a trial court order which grants a petition to enforce a settlement agreement, makes a finding of contempt, and imposes sanctions in the amount of $5,000. Upon review we conclude that the order of contempt was entered prematurely, as no specific court directive was disobeyed. It is thus necessary to reverse the trial court order and remand this matter for further proceedings.

¶ 2 The parties to this appeal had been involved in a property dispute for over eight years when they reached a settlement on the eve of trial. The settlement agreement was placed on the record and the trial court entered an Order to Settle, Discontinue and End. Thereafter counsel for Appellees drafted various deed and

easement documents to effectuate the terms of the settlement. Appellants disagreed in various ways with the terms of the documents and refused to execute them. In response, counsel for Appellees revised the documents and again submitted them to Appellants. This back-and-forth process continued for nine months until December of 2002, when Appellees filed a motion requesting the court enforce the settlement agreement, find Appellants in contempt and compel Appellants to sign the necessary documents. Appellants filed a response to this motion.

¶ 3 On March 25, 2003, the trial court granted Appellees' motion, and entered an order finding Appellants in contempt for failing to execute the documents necessary to effectuate the settlement agreement. The court ordered Appellants to execute the documents necessary to effectuate the agreement, and pay sanctions in the amount of $5,000. Appellants filed this appeal from the trial court's order.[1]

¶ 4 Among the claims made by Appellants is that the trial court's order of contempt was prematurely entered where Appellants had not violated any specific court order. In reviewing a trial court's contempt finding this Court must first examine the order itself and must then ascertain whether the movants sustained their burden of proving that the non-movants failed to comply with the court's order. *Wood v. Geisenhemer–Shaulis,* 827 A.2d 1204, 1208 (Pa.Super.2003). The order forming the basis for the contempt finding must be definite, clear, and specific, leaving no doubt or uncertainty regarding the prohibited conduct. *Lachat v. Hinchliffe,* 769 A.2d 481, 490 (Pa.Super.2001). "It is well-settled that there are certain elements necessary to support

a finding of civil contempt, namely: that the contemnor had notice of the specific order or decree which he disobeyed; that the act constituting the contemnor's violation was volitional; and that the contemnor acted with wrongful intent." *Marian Shop v. Baird,* 448 Pa.Super. 52, 670 A.2d 671, 673 (1996) (citations omitted).

¶ 5 In this case the trial court's finding of contempt was based upon its ruling that Appellants failed to abide by the terms of the trial court's April 3, 2002, settlement order. The April 3rd order states that it is approving and entering as an order of court the February 11, 2002, Settlement Agreement as set forth in the attached transcript. The order states that "the parties are directed to comply therewith." Order of Court, 4/3/02.

¶ 6 The transcript attached to the court's order sets forth the terms of the settlement agreement. Among the matters discussed and agreed upon were the placement of certain property lines, the restrictions to be imposed on certain property, and a property "swap." It was contemplated that a deed and an easement were to be executed later to effectuate the agreement; the documents themselves were not drafted at the time of the agreement and were not presented to the parties for their examination. In relation thereto the trial court advised the parties that: "The court will be available to the attorneys for any problems dealing with the documents that are necessary to execute is [sic] the various conveyances and easements and recordations that might be necessary for this." Transcript, 2/11/02, at 27. The court commented: "Hopefully we don't have any other further disputes about this." *Id.* The agreement itself

---

1. This matter was initially heard before a three-judge panel of this Court, but upon the grant of reargument it is now being considered by the members of this *en banc* panel of the Superior Court.

**620**

provided that: "The court will retain jurisdiction to resolve any disputes." *Id.* at 10.

¶ 7 A dispute did arise over the terms and wording of the deed and the easement. After a resolution could not be reached, Appellees understandably sought to have the settlement agreement enforced by filing a Petition to Enforce Settlement Agreement. While this was the proper procedure for Appellees to employ to seek to have their agreement enforced, it was not appropriate for the trial court to grant Appellees' request for a finding of contempt. The trial court had not reviewed the documents at issue and more importantly had never entered an order directing Appellants to execute these specific documents. Because Appellants were not in violation of a specific court order it was improper for the trial court to find them in contempt. *See Lachat,* 769 A.2d at 490.

¶ 8 Accordingly, we find it necessary to remand this matter to the trial court to once again review Appellees' Petition to Enforce Settlement. Should the trial court find that the terms of the real estate documents presented are in keeping with the terms of the settlement agreement, it would then be appropriate for the trial court to direct Appellants to execute those documents. Should Appellants refuse to do as directed, they would be subject to the trial court's finding of contempt.

¶ 9 Order of contempt reversed. Sanctions vacated. Case remanded for further proceedings. Jurisdiction relinquished.