**In re Majors**

C.P. of Lawrence County, no. 98 of 2005, O.C.

*Charles S. Cusick Jr.,* for petitioner.
*Angelo Papa,* for Hudson.

HODGE, *J.,* February 10, 2006—The parties were before the court February 8, 2006, pursuant to a motion

to compel and to impose sanctions, filed by Challenges: Options in Aging, against Ms. Terry Hudson, adult daughter of John K. Majors and former agent of John K. Majors, pursuant to a power of attorney dated June 13, 2005.

The evidence presented at the hearing established that on June 13, 2005, John K. Majors signed a general power of attorney, whereby he appointed his daughter, Terry Hudson, as his agent. See petitioner's exhibit no. 3. The general power of attorney was in a form mandated by chapter 56 of the Decedents, Estates and Fiduciaries Code. Attached to the power of attorney was the acknowledgment of the agent, Terry Hudson, signed June 13, 2005, which contained the following statements:

"(1) I will exercise the powers for the benefit of the principal.

"(2) I will keep the assets of the principal separate from my assets.

"(3) I shall exercise reasonable caution and prudence.

"(4) I shall keep a full and accurate record of all actions, receipts and disbursements on behalf of the principal."

On September 16, 2005, this court entered a preliminary emergency decree appointing Challenges: Options in Aging, protective case worker, Sally Smith, as interim plenary guardian of the person and estate of John K. Majors. An Emergency Review Conference was held on September 22, 2005, at which time the Honorable Michael J. Wherry, Judge, continued the emergency decree in full force and effect.

Upon consideration of a motion for accounting and a motion to compel compliance, filed October 21, 2005, Terry Hudson was ordered to deliver to Challenges protective case worker, Sally Smith, at the Challenges office, control of all John K. Majors' retirement, Social Security, rent and other income whether cash or checks, 2005 bank checking and a savings account statements with John K. Majors' name or which contain his funds, as well as control of all John K. Majors' assets in Terry Hudson's possession or control, so Sally Smith can pay John K. Majors' current bills. It was further ordered that Terry Hudson, by October 28, 2005, shall provide a full and complete written verified accounting to Sally Smith, Challenges protective case worker, of all assets and income of John K. Majors in her possession at any time during 2005, whether under the power of attorney or otherwise, and a list all expenditures made by her on John K. Majors' behalf, with substantiating documentations for each expenditure.

A final guardianship decree was entered on November 8, 2005, adjudicating John K. Majors a totally incapacitated person. In addition, pursuant to said final guardianship decree, Terry Hudson's agent status under John K. Majors' power of attorney was revoked, for good cause. Terry Hudson was further ordered to deliver by November 11, 2005, to Sally Smith, all John K. Majors' funds in her possession or control, excluding only those account deposits which she substantiates by pay-stub or other primary document, as her separate income or funds. The final guardianship decree further provided that by November 11, 2005, Terry Hudson shall also make a full, complete, accurate and verified agent accounting filed

with the Lawrence County Prothonotary, with copies to Attorneys Olimpi and Cusick of all John K. Majors' receipts and all disbursements for 2005.

Petitioner's exhibit no. 4, being a letter dated December 29, 2005, from Attorney Angelo A. Papa, counsel for Terry Majors, to Attorney Charles S. Cusick Jr., contained what purports to be a detailed accounting of John K. Majors' bank account. The accounting was not filed in the office of the Clerk of Courts of Lawrence County.

A subsequent motion to compel and to impose sanctions was filed by Challenges: Options in Aging, on January 13, 2006, and pursuant to said order, Terry Hudson was ordered to comply with the court's order of November 8, 2005, and to comply with the first and third paragraphs of the court's October 21, 2005 order, by filing, no later than January 20, 2006, an accounting, in writing, verified by Terry Hudson, substantiating all by receipts, bills, cancelled checks and other primary documentation. See petitioner's exhibit no. 2.

Chapter 56 of the Decedents, Estates and Fiduciaries Code, 20 Pa.C.S. §5601, et seq., specifically provides in section 5610 as follows:

"An agent shall file an account of his administration whenever directed to do so by the court and may file an account at any other time. All accounts shall be filed in the office of the clerk in the county where the principal resides."

In addition, section 5604 of the foregoing statute authorizes the court to make and enforce orders relative to requests for information by a court-appointed guardian

or agency acting pursuant to the Older Adults Protective Services Act, 35 P.S. §10225.101, et seq. See 20 Pa.C.S. §5604(c) and §5604(d).

The Supreme Court of Pennsylvania has promulgated Orphans' Court Rules pertaining to the filing of accounts. Rule 6.1 establishes rules for the filing of accounts and the appendix to the Orphans' Court Rules has attached samples of accounts which may be modified to meet the specific needs of any situation.

In civil contempt proceedings, the complaining party has the burden of proving noncompliance of a court order by a preponderance of the evidence. See *Wood v. Geisenhemer-Shaulis,* 827 A.2d 1204 (Pa. Super. 2003); *Cecil Township v. Klements,* 821 A.2d 670 (Pa. Commw. 2003). To be sanctioned for civil contempt, a party must have violated a court order. Specifically, the complaint must prove:

(1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed;

(2) that the act constituting the contemnor's violation was volitional; and

(3) that the contemnor acted with wrongful intent. See *Lachat v. Hinchliffe,* 769 A.2d 481 (Pa. Super. 2001).

Generally, in order to hold one in civil contempt, a five-step process must be followed:

(1) the rule to show cause why an attachment should not be issued;

(2) an answer in hearing;

(3) a rule absolute;

(4) a hearing on the contempt citation; and

(5) an adjudication.

Fulfillment of all five factors is not mandated, however, when the contempt proceedings are predicated on the violation of a court order that followed a full hearing. Due process requires no more than notice of the violations that are alleged and an opportunity for explanation and defense. See *Diamond v. Diamond,* 792 A.2d 597 (Pa. Super. 2002).

From the record, the court finds that Terry Hudson had notice of the prior hearings, having been in attendance thereof and that she, either directly or through her counsel, received copies of the court orders.

Petitioner's exhibit no. 4, while purporting to be an accounting, clearly fails to comply with the Orphans' Court Rules relative to accounts and to the statutory requirements to an account as set forth in the Decedents, Estates and Fiduciaries Code. In addition, accounts clearly are to be filed in the office of the Prothonotary/ Clerk of Courts of Lawrence County, and not merely by mailing to opposing counsel.

The court hereby finds Terry Hudson to be in civil contempt, and will enter the attached order so as to provide her with the opportunity to purge herself from the contempt order.

## ORDER

And now, February 10, 2006, this matter being before the court on February 8, 2006, on the motion to compel and to impose sanctions filed by Challenges: Options in

Aging, and, following a hearing held and upon review of the testimony and exhibits offered, the court finds Terry Hudson, former agent of John K. Majors, pursuant to power of attorney dated June 13, 2005, in civil contempt, by failing to file the appropriate accounting of the affairs of said John K. Majors with the office of the prothonotary and clerk of courts, as is required pursuant to the orders of this court dated October 21, 2005, November 8, 2005 and January 13, 2006.

Terry Hudson may purge herself of this contempt order, by filing with the prothonotary and clerk of courts a full and complete written, verified accounting of all assets, including, but not limited to, retirement funds, Social Security funds, rental income, bank savings and checking accounts, together with a list of all expenditures made by her on John K. Majors' behalf with substantiating documentation for each expenditure.

The accounting shall be in the form required by the Orphans' Court Rules.

The accounting shall be filed in the office of the prothonotary/clerk of courts, on or before March 31, 2006.

A hearing is hereby scheduled for April 10, 2006, at 9:30 a.m., 1/2 hour reserved, for the purpose of reviewing the accounting filed by said Terry Hudson, a copy of which shall be transmitted to counsel for Challenges: Options in Aging.

Terry Hudson is hereby advised that should she fail to comply with the provisions of this order, specifically the purge conditions, by filing an appropriate account with the office of the Prothonotary/Clerk of Courts of

Lawrence County, that the court may impose penalties, which may include a fine, attorney's fees, costs, and/or incarceration.

The prothonotary shall properly serve notice upon counsel of record and any party not represented by counsel.