J-A23004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHELLIE GLASS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS GLASS | : | No. 108 MDA 2022 |

Appeal from the Order Entered November 16, 2021
In the Court of Common Pleas of Dauphin County Domestic Relations at
No(s):  2010 DR 12,
PACSES No. 344113675

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED: DECEMBER 2, 2022**

Shellie Glass ("Wife") appeals from the order that denied her request for a hearing on her petition for contempt upon determining that Demetrius Glass ("Husband") had paid Wife all the sums due to her under the controlling support order.[1]  We vacate the order and remand for further proceedings.

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  Husband argues that we should quash this appeal because the trial court's order "simply den[ied] an evidentiary hearing" and did not actually dispose of Mother's contempt petition.  **See** Husband's brief at 10.  We disagree.  The November 16, 2021 order does not merely deny a hearing, but also indicates that all reimbursable expenses have been paid by Husband.  Hence, the order implicitly denies Mother's petition on the merits and leaves nothing pending before the trial court concerning Husband's compliance with the support order.
*(Footnote Continued Next Page)*

By way of background, Wife and Husband married in 1981. Husband filed a complaint in divorce in 2012, which Wife did not oppose. Litigation of the economic issues ultimately resulted in the entry of an equitable distribution order in April 2020. In the meantime, a 2013 support order had required Husband to pay 55% of Wife's annual out-of-pocket medical expenses. Wife has maintained that Husband has failed to fulfill this support obligation, an issue that this Court declined to address in affirming the equitable distribution order on April 1, 2021. *See D.D.G. v. S.R.G.*, 253 A.3d 254 (Pa.Super. 2021) (non-precedential decision) (reviewing challenges to the trial court's resolution of the economic issues but not addressing Husband's failure to pay medical expenses, stating "[c]ompliance with this order relates to the support action, not the equitable distribution order, which is the order on appeal").

On August 21, 2021, Wife filed a petition for contempt, alleging that Husband failed to reimburse her for any of her medical expenses despite her providing Husband with a detailed list of such expenses each year since 2013. *See* Petition for Contempt, 8/21/21, at 2. According to Wife, Husband therefore owed her in excess of $21,000. *Id*. In his answer to the petition, Husband admitted that Wife had made the demands for expenses but denied

---

Therefore, the instant order is appealable as a final order. *See Schultz v. Schultz*, 70 A.3d 826, 828 (Pa.Super. 2013) (explaining that an order denying a contempt petition is final and appealable when it denies a party relief to which it claims entitlement pursuant to a prior final order).

- 2 -

that the demands were always timely or that he was responsible for all the items included therein. ***See*** Answer to Petition for Contempt, 10/5/20, at ¶ 5. The trial court offered the following summary of the subsequent proceedings:

> Upon consideration of the petition, an order was issued directing [Wife] to provide all relevant documentation of the alleged reimbursed services to counsel for [Husband] and the Dauphin County Domestic Relations office within thirty days. [Wife] was also directed to show proof that said reimbursement documentation was provided to [Husband] by March 31st of the year following the year in which the costs were incurred. [Husband] was also directed to provide proof of payments made to [Wife] for unreimbursed medical expenses. Upon receipt of information, a domestic relations conference was to be schedule[d] to address the information provided and make a determination as to the status of any unreimbursed medical expenses owed to [Wife]. [Wife] subsequently requested an extension of time to provide the documentation requested, which was granted.
>
> A hearing was scheduled for April 1, 2021, during which a discussion was held with counsel for both parties and the determination was made that a status conference should be scheduled regarding the outstanding unreimbursed medical bills. A status conference was held on May 10, 2021. An order was subsequently issued on November 16, 2021 denying [Wife]'s request for a hearing, noting that **information provided by the domestic relations office** showed that the information provided by the parties revealed that any alleged unreimbursed medical expenses from 2013 and onward were not properly submitted. The information further provided that any reimbursable medical expenses incurred by [Wife] from 2014 and onward, that were properly submitted, were paid by [Husband].

Trial Court Opinion, 3/22/22, at unnumbered 1-2 (cleaned up, emphasis added).

Wife filed a timely notice of appeal, and both she and the trial court complied with Pa.R.A.P. 1925. Mother presents the following issue for our determination:

Was the trial court correct, contrary to its prior [o]rders, to deny a conference or hearing to [Wife] regarding enforcement of [Husband's] obligation to reimburse her for out-of-pocket medical expenses from 2013 through the [s]pring of 2021, and to ultimately and impliedly deny any sort of enforcement, when [Wife] produced copies of all notices provided to [Husband] (all of which were timely and valid) regarding reimbursement and was never given an opportunity through either sworn testimony or through a conference with Domestic Relations, to describe her methodology in notification, thereby rebutting apparently incorrect information given to the trial court by the Dauphin County Domestic Relations Section?

Wife's brief at 3.

We begin with a review of the applicable law. This Court applies an abuse-of-discretion standard in reviewing contempt orders. *See Zabrosky v. Smithbower-Zabrosky*, 273 A.3d 1108, 1114 (Pa.Super. 2022). As we have explained:

The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. Absent an error of law or an abuse of discretion, we will not disrupt a finding of civil contempt if the record supports the court's findings.

*Thomas v. Thomas*, 194 A.3d 220, 225-26 (Pa.Super. 2018) (cleaned up). "We have found a clear abuse of discretion when the trial court makes a determination based on a record where no testimony was taken and no

evidence entered." ***Wood v. Geisenhemer-Shaulis***, 827 A.2d 1204, 1208

(Pa.Super. 2003) (cleaned up).

The payment of unreimbursed medical expenses as an item of support

is governed by Pa.R.C.P. 1910.16-6, which provides as follows in relevant

part:

> **(c) Unreimbursed Medical Expenses**. The trier-of-fact shall allocate the obligee's or child's unreimbursed medical expenses. However, the trier-of-fact shall not allocate unreimbursed medical expenses incurred by a party who is not owed a statutory duty of support by the other party. The trier-of-fact may require that the obligor's expense share be included in the basic support obligation, paid directly to the health care provider, or paid directly to the obligee.
>
> (1) *Medical Expenses*.
>
> > (i) For purposes of this subdivision, medical expenses are annual unreimbursed medical expenses in excess of $250 per person.
> >
> > (ii) Medical expenses include insurance co-payments and deductibles and all expenses incurred for reasonably necessary medical services and supplies, including but not limited to surgical, dental and optical services, and orthodontia.
> >
> > (iii) Medical expenses do not include cosmetic, chiropractic, psychiatric, psychological, or other services unless specifically directed in the order of court.
> >
> > > *Note*: While cosmetic, chiropractic, psychiatric, psychological, or other expenses are not required to be apportioned between the parties, the trier-of-fact may apportion such expenses that it determines to be reasonable and appropriate under the circumstances.
>
> (2) The trier-of-fact may impose an annual limitation when the burden on the obligor would otherwise be excessive.

(3) Annual expenses shall be calculated on a calendar year basis.

(i) In the year in which the initial support order is entered, or in any period in which support is being paid that is less than a full year, the $250 threshold shall be pro-rated.

(ii) The party seeking allocation for an unreimbursed medical expense shall provide to the other party the expense's documentation, such as a receipt or an invoice, promptly upon receipt, but not later than March 31st of the year following the calendar year in which the final bill was received by the party seeking allocation.

(iii) For purposes of subsequent enforcement, unreimbursed medical bills need not be submitted to the domestic relations section prior to March 31st.

(iv) The trier-of-fact shall have the discretion to not allocate an expense if documentation is not timely provided to the other party.

(4) If the trier-of-fact determines that out-of-network medical expenses were not obtained due to medical emergency or other compelling factors, the trier-of-fact may decline to assess the expenses against the other party.

*Note*: If the trier-of-fact determines that the obligee acted reasonably in obtaining services that were not specifically set forth in the order of support, payment for such services may be ordered retroactively.

Pa.R.C.P. 1910.16-6(c).

The trial court explained its decision to deny Wife's request for a hearing, and its determination that Husband had paid all that was due, as follows:

The court allowed [Wife] an opportunity to submit documentation regarding bills she believed were reimbursable and not paid, [Wife] acknowledges in her [Pa.R.A.P. 1925(b)] statement that e-mails were exchanged with the domestic relations office regarding said documentation. Nevertheless, the court's review of Domestic Relations records in this matter reveals that from 2014 and onward, any reimbursable medical bills that

were properly submitted by [Wife] were paid by [Husband]. Accordingly, the court denied Appellant's request to hold a conference or hearing. Because it was within the court's discretion to determine the timeliness of [Wife's] submission of alleged unpaid medical bills, no error was made.

Trial Court Opinion, 3/22/22, at unnumbered 3 (cleaned up).

Wife argues that the trial court violated basic due process principles in making its merits determination without affording her a hearing. She complains that she never failed to give Husband the required annual notice of expenses but was not given "an opportunity to refute that incorrect finding" apparently reached by the Domestic Relations office. Wife's brief at 8 n.3, 9. Wife further asserts that, as she was not given copies of the documents that Husband submitted to the Domestic Relations office and no such documents were included in the official record maintained by the court's prothonotary, "we are left to speculate" what informed the trial court's conclusion that Father paid all that was due. *Id*. at 6.

We agree with Wife that the trial court's ruling is unsound. The trial court certainly is correct that it has discretion pursuant to Rule 1910.16-6(c) in how to enforce its support order. By the plain language of Rule 1910.16-6(c), the time requirements for submitting documentation for unreimbursed medical expenses are not absolute, and untimeliness may be excused by the trial court in its sound discretion. *See* Pa.R.C.P. 1910.16-6(c)(3)(iv). Likewise, the trial court possesses discretion to require payment of expenses

that may not have been strictly necessary. *See* Pa.R.C.P. 1910.16-6(c)(1)(*Note*), (c)(4).

However, the trial court must base its decision upon record evidence that this Court is able to review, and it must afford Wife the opportunity to create that record, to examine that record, and to advocate for her position as to the proper application of Rule 1910.16-6(c) to the evidence of record. The trial court stated that it reviewed "domestic relations records in this matter" to inform its decision but does not identify them. A Post-It note affixed to the trial court's November 16, 2021 order contains the hand-written notation: "Emails that were attached are in the working file[.]" Order, 11/16/21. There is no indication who wrote the note, when it was affixed to the order, who created this "working file," where the "working file" is maintained, or precisely what it contains. Importantly, the docket does not denote that this "working file" or anything in it was filed of record.

Hence, the certified record contains no evidence to support the trial court's conclusions that Husband paid all that was owed, that Mother made untimely demands, or that that untimeliness warranted absolving Husband of any duty to pay. We have no idea what documents the trial court examined in making its determinations, or whether its exercise of discretion rested upon a proper foundation. As such, we are unable to determine whether the trial court's rulings were the product of a valid exercise of discretion.

Accordingly, we vacate the trial court's November 16, 2021 order and remand for the court to have a hearing to allow the parties to present testimony and evidence in support of their respective positions concerning Husband's compliance with the 2013 support order. **Accord Wood**, **supra** at 1208; **Chrysczanavicz v. Chrysczanavicz**, 796 A.2d 366, 369 (Pa.Super. 2002) ("Because we find the record insufficient to support the court's order, we vacate that order and remand the matter for an evidentiary hearing on the contempt petition.").

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2022

- 9 -