# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Darin Bielby | : | |
| | : | |
| v. | : | |
| | : | |
| Zoning Board of Adjustment of the | : | |
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| Carla Willard, Connie Winters, | : | |
| Michael Ramos, Susan Wright, | : | No. 1441 C.D. 2019 |
| Appellants | : | Argued: March 15, 2021 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED:  April 9, 2021

        Carla Willard (Willard), Connie Winters (Winters), Michael Ramos and Susan Wright (collectively, Appellants) appeal from the Philadelphia County Common Pleas Court's (trial court) August 14, 2019 order granting Darin Bielby's (Bielby) Motion to Enforce the Trial Court's October 1, 2018 Order and Impose Sanctions (Motion).  The sole issue before this Court is whether the trial court properly levied monetary sanctions in the form of costs and fees on Appellants.[1]

[1] Appellants presented 15 issues for this Court's review: (1) whether the trial court improperly imposed sanctions against Appellants; (2) whether the trial court had the authority to impose sanctions; (3) whether the trial court identified the legal basis under which the sanctions were imposed; (4) whether the trial court failed to identify whether it was imposing sanctions against Appellants for civil contempt, in violation of Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7); (5) whether the trial court improperly determined that Appellants were liable for civil contempt because there was insufficient evidence to establish: Appellants violated the

## Background

On May 30, 2017, Bielby applied to the City of Philadelphia's (City) Department of Licenses and Inspections (L&I) for a zoning use registration permit to renovate 224-230 West Tulpehocken Street (Property). Bielby sought to convert a former nursing home located on the Property into a mixed-use building with 14 residential units, add a commercial space, erect a second story along Pastorius Street, and add 21 accessory parking spaces (Application). On June 20, 2017, L&I denied the Application because, *inter alia*, the proposed multi-family use was not permitted in the Property's residential, single-family, detached zoning district; the proposed accessory parking was not permitted in the required front set-back from Pastorius

---

October 1, 2018 order; definite, clear and specific instructions in an order by the trial court not followed by Appellants; and Appellants acted with wrongful intent; (6) whether the trial court improperly determined that Appellants violated Section 2503(7) of the Judicial Code because the evidence was insufficient to establish Appellants acted in a manner which was dilatory, obdurate and vexatious; (7) whether Section 2503 of the Judicial Code applied, as Appellants' intervention was struck by the October 1, 2018 order, and conduct following the litigation cannot form the basis for sanctions under Section 2503 of the Judicial Code; (8) whether, at the time of the August 14, 2019 hearing, the trial court had the power to sanction Appellants when they were not parties to the litigation at that time; (9) whether the trial court erred in determining that Appellants' conduct was improper, as there was nothing inappropriate about the communications Appellants and their counsel had with the City of Philadelphia Streets Department (Streets Department); (10) whether the trial court improperly awarded Bielby and his counsel attorneys' fees and costs without an evidentiary hearing concerning the reasonableness of fees and costs or whether the fees and costs were related to the complained of conduct; (11) whether the trial court improperly failed to identify the basis for its award to Bielby of fees in the amount of $15,528.51; and costs in the amount of $1,500.00; (12) whether the trial court violated Appellants' due process rights when it denied them the opportunity to offer witness testimony regarding the allegedly improper communications with the Streets Department; (13) whether the trial court violated Appellants' due process rights when it denied Appellants the opportunity to examine Bielby regarding the amounts demanded as sanctions; (14) whether the trial court improperly determined that sanctions in the form of attorneys' fees and costs should be imposed against Appellants when it did not find Appellants engaged in dilatory, vexatious or obdurate conduct; and (15) whether the evidence established harm to Bielby or his counsel caused by Appellants' purported conduct. *See* Appellants' Br. at 3-6. These issues are subsumed in this Court's rephrasing of the issue and will be discussed therein.

2

Street; and mandatory landscaping and buffers were not included for the accessory parking.

Bielby appealed to the City's Zoning Board of Adjustment (ZBA) on July 14, 2017. The ZBA held a hearing on October 4, 2017, and approved the variances subject to a proviso restricting parking and additional curb cuts on Pastorius Street. Thereafter, Bielby and Appellants filed various motions concerning the proviso upon which the ZBA ruled. Subsequently, the parties appealed to the trial court and, thereafter, to this Court.[2] Relevant to the current matter, on October 1, 2018, the trial court affirmed the ZBA's October 4, 2017 decision granting the variances, but reversed the proviso.

**Facts**

From October 2018 through January 2019, Appellants and their counsel (Counsel) engaged in *ex parte* email communications with the City's Streets Department (Streets Department) and the Deputy Commissioner of Transportation (Deputy Commissioner) in an effort to have the Streets Department and L&I deny Bielby's development plans without revision or the proviso, thereby preventing Bielby from obtaining permits necessary to make the curb cuts. Bielby was not included in any of the email communications. On October 10, 2018, Willard emailed the Streets Department,[3] stating, in relevant part: "We'd of course prefer to honor the ZBA and not have curb use at all, but we know that issue is out of your hands. At the very least, we'd like to have some time before anything happens."

---

[2] On October 10, 2019, this Court vacated the trial court's October 1, 2018 order and remanded the case to the trial court for further proceedings. *See Bielby v. Zoning Bd. of Adjustment of City of Phila.* (Pa. Cmwlth. Nos. 1177, 1419, 1420 C.D. 2018, filed October 10, 2019).

[3] Willard copied the Deputy Commissioner on this email.

3

Reproduced Record (R.R.) at 277a.[4] Willard also asked that the Streets Department notify her of any changes to Bielby's curb cut permit. *See id.* On October 16, 2018, Counsel emailed the Deputy Commissioner requesting to speak with him so that he could better understand "the status of the permits issued so far and the need for any future permits or [the] Streets Department['s] approvals for the curb cuts." R.R. at 281a. On October 18, 2018, Counsel emailed the Streets Department,[5] writing: "Hi Pat: Wondering if you have an update for me on the status of the revocation of the two curb cut approvals." R.R. at 279a. The Streets Department rescinded Bielby's curb cut approval on October 23, 2018. On December 29, 2018, Willard emailed Winters, among other recipients, declaring: "From what I understand from them, the Streets Department will ultimately be forced to abide by [the trial court's] ruling if we do not have a 'Stay' from [the] Commonwealth [Court] in place[.]" R.R. at 289a.

Bielby submitted a Right-to-Know Law[6] Request to the City's Law Department and became aware of Appellants' *ex parte* communications with the Streets Department and the Deputy Commissioner. On June 12, 2019, Bielby filed the Motion. On August 14, 2019, the trial court held a hearing, and granted Bielby's request for sanctions. The trial court directed Appellants to pay all costs and fees associated with the Motion in the amount of $1,500.00 and a $15,528.51 sanction for the additional costs Bielby incurred to third-party professionals as a result of Appellants' conduct.[7]

---

[4] Appellants did not number the pages in the reproduced record using a lower case "a" after the numerals, as required by Pennsylvania Rule of Appellate Procedure 2173. This Court will cite to the reproduced record in the proper format.

[5] Counsel copied the Deputy Commissioner on this email.

[6] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[7] The additional fees and expenses to third-party professionals consisted of: $6,996.51 to Moto Designshop LLC for additional architectural services; $4,950.00 to Poulson & Associations for additional engineering services; $1,082.00 to Ambric Survey for additional land survey services; and in excess of $2,500.00 to Obermayer Redmann Maxwell & Hippel LLP for advice

4

On September 8, 2019, Appellants appealed from the trial court's August 14, 2019 order to this Court.[8] On September 10, 2019, the trial court ordered Appellants to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On September 13, 2019, Appellants filed a Motion for Reconsideration, which the trial court denied on September 17, 2019. On September 25, 2019, Appellants filed their Rule 1925(b) Statement. On January 16, 2020, the trial court filed its Rule 1925(a) opinion.[9, 10]

## Discussion

Appellants argue that, although the matter was on appeal at the time of the alleged conduct concerning the *ex parte* communications, Appellants were no longer parties to the action before the trial court and, therefore, the trial court did not have jurisdiction over Appellants at the time of the sanctions hearing. Further, Appellants assert that, in granting sanctions against Appellants, the trial court did not articulate the legal basis for sanctions or identify conduct by Appellants or Counsel that warranted sanctions. Bielby rejoins that the sanctions were within the trial court's discretion, because Appellants were trying to circumvent the trial court's order. The trial court opined that it had authority pursuant to Section 2503 of the

---

[8] and consultation services related to the recission of the previously approved zoning plan and preparation of the Motion. *See* R.R. at 337a-338a.

[8] "Our review is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

[9] The trial court record was transmitted to this Court on June 24, 2020.

[10] On October 27, 2020, Tulpehocken Mansion, LLC, filed a Praecipe to Substitute Appellee Property Owner from Bielby to Tulpehocken Mansion, LLC. This Court will treat the Praecipe as an Application to Substitute.

Judicial Code, 42 Pa.C.S. § 2503, and Rule 1701(b)(2) to impose the sanctions on Appellants. *See* Trial Ct. Op. at 4.

Initially,

> [w]e [] distinguish between an award of counsel fees under [Section 2503 of the Judicial Code] and a finding of contempt, [under Rule 1701(b)(2),] which may include an award of counsel fees as a sanction. *See Mrozek v. James*, 780 A.2d 670, 674 (Pa. Super. 2001) (stating, '[t]he award of attorney[']s fees is an appropriate remedy in a civil contempt case, *separate and apart* from the statutory provision for attorney's fees under [Section 2503(7) of the Judicial Code].') (emphasis supplied); *accord Diamond v. Diamond*, 792 A.2d 597, 601 (Pa. Super. 2002); *see generally* 42 Pa.C.S.[] § 2503(7) (allowing a party 'counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter[]'). Classically, in considering a motion to award counsel fees under [S]ection 2503 [of the Judicial Code], an evidentiary hearing is generally required.
>
> With respect to civil contempt, '[i]t is axiomatic that courts have always possessed the inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with said orders.' *Rouse Phila*[.] *Inc. v. Ad Hoc '78*, . . . 417 A.2d 1248, 1257 ([Pa. Super.] 1979) (citations omitted).
>
> > The objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances to compensate the complainant for loss sustained. In civil contempt cases, the complaining party has the burden of proving non-compliance with the court order by a preponderance of the evidence. To be punished for civil contempt, a party must have violated a court order. The order that forms the basis for the contempt process in civil proceedings must be definitely and strictly construed. Any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be

6

construed in favor of the defendant. Where the order is contradictory or the specific terms of the order have not been violated, there is no contempt.

*C.R. by Dunn v. Travelers*, . . . 626 A.2d 588, 592 ([Pa. Super.] 1993) (citations omitted)[.]

. . . .

The court, after finding civil contempt, may impose sanctions.

Attorney['s] fees and other disbursements necessitated by the contemnor's non[-]compliance may be recovered by the aggrieved party in a civil contempt case. **Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent**, **it is coercive and compensatory**, **and not punitive**. **Counsel fees are a proper element of a civil contempt order**. In reviewing a grant of attorney's fees, we will not disturb the decision below absent a clear abuse of discretion.

*Mrozek*, 780 A.2d at 674 (citations omitted). . . .

*Wood v. Geisenheimer-Shaulis*, 827 A.2d 1204, 1207-08 (Pa. Super. 2003) (emphasis added; citations omitted). Here, the trial court imposed upon Appellants "costs and fees associated with the [] [M]otion for sanctions in the amount of $1,500[.00,]" and "[a] monetary sanction in the amount of $15,528.51 . . . for their deliberate efforts to circumvent and violate [the trial c]ourt's October 1, 2018 Order." Trial Ct. August 14, 2019 Order.

**Jurisdiction**

At the outset, as a

[p]rerequisite to any consideration of the merits of this appeal, [this Court] must determine whether the order of [sanctions] is appealable. Although the parties have not raised appealability, 'it is nevertheless appropriate for us

7

in this instance to raise that issue [because it] goes to the jurisdiction of th[is] Court.' *Fried v. Fried*, . . . 501 A.2d 211, 212 ([Pa.] 1985). Moreover, since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.

*Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000).

The Pennsylvania Superior Court explained:

Subject to exceptions, 'an appeal may be taken of right from any final order of an administrative agency or lower court.' Pa.R.A.P. 341(a). A final order is an order that disposes of all claims and of all parties, or is expressly defined as a final order by statute or the ordering court. Pa.R.A.P. 341(b); *see also Ben v. Schwartz*, . . . 729 A.2d 547, 550 ([Pa.] 1999). Although the instant order does not fit any of these definitions perfectly, we must consider whether the practical ramification of the order will be to dispose of the case, making review appropriate.

. . . .

In the past, our courts have considered the appealability of orders awarding attorneys' fees and costs in a variety of procedural circumstances. *See, e.g.*, *Brawley Distrib*[.] *Co., Inc. v. Heartland* [*Props.*], 712 A.2d 331, 332 (Pa. Super. 1998) (grant of fees based on frivolous pre-trial filing is not appealable); *Dooley v. Rubin*, . . . 618 A.2d 1014, 1018 n.6 ([Pa. Super.] 1993) (denial of fees in order terminating underlying litigation is appealable); *Fried*, [501 A.2d] at 215 (grant of interim fees in divorce action is interlocutory and unappealable). However, **this case requires us to determine for the first time whether an order to pay attorneys' fees and costs is appealable when the appellant does not also challenge the merits of the underlying order**.

In *Brawley*, [] we determined that an order granting counsel fees based on a frivolous pre-trial filing was not appealable because it 'neither terminated the action nor disposed of all parties and all claims.' [*Id.*] at 332. The instant case presents a much different situation. While [the a]ppellants do not challenge the portion of the order compelling performance of the settlement agreement, they

8

do challenge the trial court's *sua sponte* finding that their conduct was 'vexatious, obdurate or dilatory' and thus warranted awarding attorneys' fees under [Section 2503(7) of the Judicial Code]. Unlike the appellants in *Brawley*, **the instant appellants will have no subsequent chance to appeal the portion of the order directing them to pay attorneys' fees and costs**. **It would defy common sense and undermine judicial efficiency to require [the a]ppellants to also appeal the portion of the order compelling their compliance with the settlement agreement**. **Since the instant appeal presents the only chance for [the a]ppellants to challenge the attorneys' fees award**, **we conclude that the order is appealable**. . . .

*Kulp*, 765 A.2d at 798-99 (emphasis added).

Similarly, here, because an appeal from the trial court's October 1, 2018 order had already been filed when the sanctions order was issued, the instant appeal was the only chance for Appellants to challenge the trial court's sanctions order. Accordingly, this Court concludes that the order is appealable.

## Section 2503 of the Judicial Code

Section 2503 of the Judicial Code provides, in relevant part:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct **during the pendency of a matter**.

42 Pa.C.S. § 2503 (emphasis added).

This Court has explained:

Under Section 5505 of the Judicial Code, [42 Pa.C.S. § 5503,] a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case. *Strohl v. S*[.] *Annville* [*Twp.*] (Pa. Cmwlth. Nos.

9

2162 C.D. 2009 & 2324 C.D. 2009, filed April 13, 2011), slip op. at 11-12 . . . ; *In re Estate of Bechtel*, 92 A.3d 833, 843 (Pa. Super. 2014); *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003), *overruled in part on other issue by Miller Elec*[.] *Co. v. DeWeese*, . . . 907 A.2d 1051 ([Pa.] 2006). 'A trial court's jurisdiction generally extends for [30] days after the entry of a final order. . . . After the 30[-]day time period, the trial court is divested of jurisdiction.' *Freidenbloom*, 814 A.2d at 1255. Accordingly, where a request for counsel fees under [Section 2503 of the Judicial Code] is filed more than 30 days after final judgment, the trial court has no jurisdiction to act on that request, and its award of counsel fees must be vacated for lack of jurisdiction. *Strohl*, slip op. at 11-14 . . . (vacating award of counsel fees for lack of jurisdiction where motions for sanctions were filed 38 days or more after trial court orders dismissing complaint with prejudice); *Freidenbloom*, 814 A.2d at 1255-56 (vacating award of counsel fees for lack of jurisdiction where petition for counsel fees was filed 36 days after discontinuance of action).

*Ness v. York Twp. Bd. of Comm'rs*, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015) (footnote omitted).

Here, the trial court entered its order on October 1, 2018. Bielby did not file his Motion until June 12, 2019. Moreover, the conduct complained of did not occur *during the pendency of the matter* before the trial court as required by Section 2503(7) of the Judicial Code. Rather, the conduct occurred *after* the trial court issued its October 1, 2018 order.[11] Accordingly, the trial court had no jurisdiction to sanction Appellants under Section 2503 of the Judicial Code.

---

[11] The trial court referenced in its opinion Appellants' alleged misconduct from November 2017 through August 2018; however, that conduct is not before this Court. The Motion specifically sought sanctions for actions committed to circumvent the trial court's October 1, 2018 order. *See* R.R. at 298a-299a (At the August 14, 2019 hearing, Bielby expressly requested "sanctions due to the deliberate conduct of [Counsel] seeking to circumvent [the trial court's] October 1, 2018[] order."). Accordingly, any conduct prior to October 1, 2018, is irrelevant to the matter before this Court.

10

## Rule 1701(b)(2)

Rule 1701(b) states, in pertinent part:

**After an appeal is taken** or review of a quasi[-]judicial order is sought, **the trial court** or other government unit **may**:

. . . .

(2) **Enforce any order entered in the matter**, unless the effect of the order has been superseded as prescribed in this chapter.

Pa.R.A.P. 1701(b) (emphasis added).

> [Rule] 1701(b)(2) states that the trial court has the power to 'enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.' [Pa.R.A.P. 1701(b)(2).] We have previously noted in discussing the effect of Rule 1701(b) that[] 'trial court[s] possess inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with their orders. *Rouse Phila*[.] *Inc.* . . . , . . . 417 A.2d [at] 1257 . . . . This power is retained even after an appeal is filed, absent supersedeas.'[12] *Travitsky v. Travitsky*, . . . 534 A.2d 1081, 1084 ([Pa. Super.] 1987) (citing Pa.R.A.P. 1701(b)(2)).

*Tanglwood Lakes Cmty. Ass'n v. Laskowski*, 616 A.2d 37, 39 (Pa. Super. 1992).

Here, Bielby was seeking to have the trial court's order enforced, i.e., to have his building permit issued,[13] and to have Appellants sanctioned for their conduct in trying to circumvent the trial court's order. Essentially, Bielby was asking the trial court to find Appellants in civil contempt of court. The Pennsylvania Superior Court has explained:

---

[12] Appellants filed an Application for Supersedeas with the trial court which was denied, and two Applications for Stay or Supersedeas with this Court, which were also both denied.

[13] Bielby contends that, because he needed curb cut approvals (i.e., a curb cut permit) to have his building permit issued, Appellants' conduct relating to the curb cut approvals was an attempt to circumvent the trial court's order.

11

In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate, by [a] preponderance of the evidence, that the defendant is in noncompliance with a court order. However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt.

To be punished for contempt, a party must not only have violated a court order, but that order must have been '*definite, clear, and specific* - leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct.'  Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant.

In such cases, a contradictory order or an order whose **specific terms** have not been violated will not serve as the basis for a finding of contempt.  To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.  A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

When holding a person in civil contempt, the court must undertake[:] (1) a rule to show cause; (2) an answer and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt. . . .

*In re Contempt of Cullen*, 849 A.2d 1207, 1210-11 (Pa. Super. 2004) (footnote omitted) (quoting *Lachat v. Hinchliffe*, 769 A.2d 481, 488-89 (Pa. Super. 2001) (citations omitted) (emphasis in original)).  The *Cullen* Court expounded:

'Fulfillment of all five factors is not mandated, however.' *Wood . . .* , 827 A.2d [at] 1208 . . . .  '[**T**]**he essential due process requisites for a finding of civil contempt are notice and an opportunity to be heard**.'  *Schnabel*

12

*Assoc[s]., Inc. v. Bldg. [&] Const[r]. Trades Council, . . .*
487 A.2d 1327, 1334 ([Pa. Super.] 1985) . . . .

*Cullen*, 849 A.2d at 1211 (emphasis added).

On October 1, 2018, the trial court entered an order expressly reversing the ZBA's proviso which stated, no parking on Pastorius Street and parking curb cut only on Tulpehocken Street. Bielby's Motion specifically sought, *inter alia*:

> 1.     The . . . Streets Department and [L&I] shall accept [] Bielby's zoning plans approved at the [ZBA's] October 4, 2017 hearing, **without revision or proviso** (the "Approved Zoning Plan");
>
> 2.     [L&I] shall accept the Approved Zoning Plan for purposes of issuance of any building permit applications submitted by [] Bielby;
>
> 3.     [Appellants] shall pay all costs and fees associated with the herein [Motion] in the amount of $_____;
>
> 4.     A monetary sanction in the amount of $_____
> . . . .

Bielby's Motion, Proposed Order (emphasis added).

At the commencement of the August 14, 2019 hearing, Bielby stated: "We have withdrawn the motion seeking enforcement [of the order, i.e., issuance] of the permit. However, we are still seeking sanctions due to the deliberate conduct of [Counsel] seeking to circumvent [the trial court's] October 1, 2018[] order." R.R. at 298a-299a. Bielby presented emails evidencing that Appellants were trying to have his curb cut approvals revoked or their issuance delayed as long as possible. Based upon the emails, the trial court concluded that Appellants were in fact trying to circumvent its order and therefore sanctioned Appellants in the form of fees and costs.

This Court recognizes that "each court is the exclusive judge of contempts against its process, and [this Court] will reverse an order of contempt only

13

upon a showing of a plain abuse of discretion." *Cullen*, 849 A.2d at 1211 (quoting *Diamond v. Diamond*, 792 A.2d at 600). However, even if this Court was to conclude that Appellants acted with wrongful intent, because Bielby withdrew the portion of his Motion seeking to enforce the trial court's order, i.e., his permit was issued, the trial court had no basis upon which to find contempt and sanction Appellants.[14, 15] In addition, the record evidence reveals that, while Appellants had notice of the hearing, the trial court precluded Appellants from presenting their witness and failed to implement the prerequisites before adjudicating Appellants in contempt.

Specifically, the following interaction occurred between Counsel and the trial court during the hearing:

> [Counsel]: But I have five arguments I want to present on the record, and I have a witness to present.
>
> THE COURT: I'm not listening to any witness testimony. I don't need witness testimony. It's simply --
>
> [Counsel]: Your Honor, there's a factual issue here. We are telling you that no communication from us, from this law firm or our clients, did anything to circumvent [the trial court's] order, and this witness is the one who can tell you why the Streets Department pulled their [sic] approval back and why they [sic] then gave it again. It had nothing to do --
>
> THE COURT: My question to you is this: Did you, in fact, contact them [sic] via email, send email communications? Yes or no?
>
> [Counsel]: Yes[,] and not to circumvent your order.
>
> THE COURT: I don't need a witness for that.

---

[14] Moreover, as Appellants did not have authority to issue either the curb cut approvals or the building permit, Appellants could not execute and/or violate the trial court's order.

[15] As discussed above, the trial court had no jurisdiction under Section 2503 of the Judicial Code to sanction Appellants.

14

[Counsel]: That's not what my witness is for, Your Honor. My witness is for whether we engaged in any conduct that is illegal or unethical or --

THE COURT: That's for the [trial c]ourt to decide. That's an issue for the [trial c]ourt.

R.R. at 313a-314a.

Clearly, because the trial court held a hearing and ruled on the Motion immediately thereafter from the bench, it did not undertake "(1) a rule to show cause; (2) an answer and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt." *Cullen*, 849 A.2d at 1211 (quoting *Lachat*, 769 A.2d at 489). However, even if this Court was to treat the Motion as a petition for contempt, the essential due process requisites were not met.

This Court has elucidated:

> [A]n abbreviated process for finding contempt is permitted provid[ed] that notice of the violations alleged and an opportunity for explanation and defense are given, and where the merits of the underlying matter have already been heard and decided after a full hearing and which have been served on the contemnor.

*Cleary v. Dep't of Transp.*, 919 A.2d 368, 372 (Pa. Cmwlth. 2007). "'The essential due process requisites for a finding of civil contempt are notice and an opportunity to be heard,' *In re: Contempt of Court*, 849 A.2d 1207, 1211 (Pa. Super. 2004), which [Appellants were not] afforded in this case." *Cleary*, 919 A.2d at 372.

This Court understands Bielby's and the trial court's frustration with Appellants' *ex parte* communications with the Streets Department and the Deputy Commissioner in what appears to have been an attempt to block the issuance of Bielby's building permit. However, because the trial court's order did not specifically direct Appellants or any other entity to issue the permit, and the permit

was issued, and because Appellants were not given their requisite due process, the trial court did not have authority under Rule 1701(b)(2) to sanction Appellants.[16]

For all of the above reasons, the trial court's order is vacated.


_____
ANNE E. COVEY, Judge


President Judge Brobson and Judges Cohn Jubelirer and Fizzano Cannon did not participate in the decision in this matter.

---

[16] Notwithstanding, this Court is most disturbed by and does not condone Appellants' actions.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darin Bielby :
:
v. :
:
Zoning Board of Adjustment of the :
City of Philadelphia :
:
v. :
:
Carla Willard, Connie Winters, :
Michael Ramos, Susan Wright, : No. 1441 C.D. 2019
Appellants :

# O R D E R

AND NOW, this 9th day of April, 2021, the Philadelphia County Common Pleas Court's August 14, 2019 order is VACATED. Tulpehocken Mansion, LLC's unopposed Application to Substitute Appellee Property Owner from Darin Bielby to Tulpehocken Mansion, LLC is GRANTED.

_____
ANNE E. COVEY, Judge