J-S20041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY EUGENE TASSA | : | |
| | : | |
| | : | No. 1387 MDA 2023 |
| APPEAL OF: MICHAEL O'DONNELL, | : | |
| ESQUIRE | : | |

Appeal from the Order Entered September 18, 2023
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000322-2020

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JULY 03, 2024**

This is a direct appeal from the order entered by the Court of Common Pleas of Snyder County finding Michael O'Donnell, Esq. ("Appellant") in contempt of court but imposing no penalty.  After careful consideration, we affirm the contempt order.

Appellant was appointed to represent Bradley Eugene Tassa, a defendant who had previously pled guilty to identity theft, had been sentenced accordingly, and had filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  The PCRA court's February 2, 2023 appointment order provided that Appellant "shall review [Tassa's] Brief, [Tassa's] case file, and shall personally communicate with [Tassa] either in person or by phone to

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

review the merits of [Tassa's] Brief." Order, 2/2/23, at 1. As Tassa had not filed a brief, it appears the PCRA court was referring to Tassa's *pro se* petition. The PCRA court directed Appellant to file an Amended Petition within sixty days of the entry of its order, which fell on April 3, 2023.

On April 6, 2023, Appellant requested an extension of time to file the Amended Petition, citing "a medical emergency in his family leading to the delay in filing in this matter." Motion, 4/6/23, at 2. On April 25, 2023, the PCRA court filed an order granting the request for an extension and directing Appellant to file the Amended Petition by May 2, 2023.

Thereafter, on May 2, 2023, Appellant filed a motion for an additional extension, asserting that he had "been delayed on completing the brief with a family emergency and require[d] three days to complete the Amended Petition." Motion, 5/2/23, at 2. Appellant admits he also conflated the terms "brief" and "petition" in his extension request. On May 4, 2023, Appellant filed the Amended Petition on Tassa's behalf. On May 5, 2023, the PCRA court dismissed Appellant's second extension request "as moot." Order, 5/5/24.

On August 11, 2023, the PCRA court issued an order to show cause as to why Appellant should not be held in contempt for failing to comply with its April 25, 2023 order to timely file the Amended Petition along with a supporting brief. On August 14, 2023, the PCRA court issued an order directing Appellant to file a brief to address why the Amended Petition should not be dismissed as untimely.

In his Response to the Rule to Show Cause, Appellant indicated that "on March 25, 2023, [Appellant's] child was born several weeks early and complications from the birth resulted in [Appellant] spending several days in the hospital with his wife." Response, 8/24/24, at ¶ 14. Appellant asserted that this family emergency was the reason he failed to file his first request for an extension of time in a timely manner. Response, 8/24/24, at ¶ 15. Appellant stated that he "filed a timely [second] request for an extension on May 2, 2023." Response, 8/24/24, at ¶ 25.

Appellant asserted that his behavior was not contemptuous as he did not have any wrongful intent or intentionally disobey a court order. With respect to the trial court's assertion that Appellant failed to file an accompanying brief, Appellant pointed out that the PCRA court's appointment order did not order him to file a brief with the Amended Petition. Further, Appellant argues that the ninety-two day period from his appointment to the time that he filed the Amended Petition was a reasonable time to complete the assignment.

Appellant also urged the PCRA court not to dismiss the Amended Petition as untimely as it would be a drastic remedy that was unwarranted given his request was due to a family emergency and that the Commonwealth did not challenge the filing of the Amended Petition. Appellant contended that dismissal was a severe sanction that would ultimately prejudice Tassa.

On September 15, 2023, the PCRA court held a hearing at which it denied the Amended Petition which incorporated Tassa's *pro se* petition.[2] The PCRA court also found Appellant in contempt for failing to file the Amended Petition in a timely manner, but the PCRA court did not impose a penalty. On September 18, 2023, the PCRA court entered two separate orders denying the Amended PCRA petition and finding Appellant in contempt.

On October 5, 2023, Appellant filed a notice of appeal from the PCRA court's order finding him in contempt.[3] Appellant complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]

_____

[2] At the hearing, the PCRA court noted that while it had directed Appellant to explain why the Amended Petition should not be dismissed as untimely filed, it had not intended to dismiss the entire PCRA petition. The PCRA court conducted a hearing on the Amended PCRA petition and dismissed the filing on the merits. In addition, the PCRA court noted that while it has issued a Rule to Show Cause as to Appellant's failure to file a timely Amended Petition and brief, the trial court did not find Appellant in contempt for not filing a brief. PCRA Court Opinion, Date, at 5, n.5.

[3] On September 20, 2023, Tassa filed a notice of appeal from the denial of his PCRA petition. This appeal, which was docketed at 1313 MDA 2023, has been resolved in a separate decision of this Court.

[4] After Appellant filed a brief in this matter, on December 6, 2023, he filed a motion to withdraw as Tassa's counsel at this docket, indicating that he had recently been elected District Attorney of Northumberland County, was closing his practice, and was withdrawing on all of his cases. On April 29, 2024, this Court entered an order indicating that "to the extent [] Tassa is a party to the above-captioned appeal, and to the extent [Appellant] requests leave to withdraw as counsel for Tassa in the appeal, the motion is **GRANTED**." Order, 4/29/24, at 1. However, this Court also indicated that "[i]n light of the fact that Attorney O'Donnell is listed as the Appellant in the appeal, to the extent Attorney O'Donnell seeks to withdraw entirely from the appeal, the request is **DENIED** without prejudice to Attorney O'Donnell's ability to file an application to withdraw the appeal in this Court." Order, 4/29/24, at 1.

Appellant raises one issue for our review on appeal: "[w]hether the court erred/abused its discretion when it found counsel in contempt for filing an untimely petition after the trial court denied his request for an extension and where counsel did not possess wrongful intent to sustain a finding of contempt?" Appellant's Brief, at 16.

In reviewing the contempt finding, we note that "[a]s each court is the exclusive judge of contempts against its process, we will reverse an order of contempt only upon a showing of a plain abuse of discretion." *In re Contempt of Cullen*, 849 A.2d 1207, 1210 (Pa.Super. 2004) (quoting *Diamond v. Diamond*, 792 A.2d 597, 600 (Pa.Super. 2002) (citation omitted)).

To properly analyze Appellant's argument, it is essential to understand the difference between civil and criminal contempt:

> [c]ivil contempt has as its dominant purpose to enforce compliance with an order of court for the benefit of the party in whose favor the order runs, while criminal contempt has as its dominant purpose, the vindication of the dignity and authority of the court and the protection of the interest of the general public.

*Godfrey v. Godfrey*, 894 A.2d 776, 782 (Pa.Super. 2006) (citation omitted).

In this case, the PCRA court asserts that it held Appellant in civil contempt for his failure to timely file the Amended Petition as its purpose was to ensure that Appellant's client, Tassa, received due process of law in his criminal prosecution such that Appellant would comply with the trial court's future rulings and directives. We observe that the PCRA court imposed the contempt finding with no further penalty.

- 5 -

Assuming that the trial court imposed a finding of civil contempt, we are guided by the following principles:

[t]o be punished for contempt, a party must not only have violated a clear order, but that order must have been definite, clear, and specific—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. … In such cases, a contradictory order or an order whose specific terms have not been violated will not serve as the basis for a finding of contempt. To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

**Sutch v. Roxborough Mem'l Hosp.**, 142 A.3d 38, 67–68 (Pa.Super. 2016) (quoting **Stahl v. Redcay,** 897 A.2d 478, 486 (Pa.Super. 2006)).

It is undisputed that Appellant had notice of the specific orders that he disobeyed. As noted above, the PCRA court entered an order on February 2, 2023, directing Appellant to file an Amended PCRA Petition on Tassa's behalf within sixty days of its order which fell on April 3, 2023. On April 6, 2023, three days after this deadline had expired, Appellant filed a request for an extension, citing a family medical emergency without providing any detail. On April 25, 2023, the PCRA court filed an order granting Appellant's extension request and specifically providing that the new deadline was May 2, 2023. Appellant waited until the May 2, 2023 deadline to request a second extension request and vaguely cited the same emergency without further explanation.

In **Commonwealth v. Marcone**, 410 A.2d 759 (Pa.Super. 1980), the Supreme Court affirmed a finding of contempt against an attorney who failed

to appear before the court when scheduled to attend the weekly call for the Criminal Trial list. The attorney argued that he should not have been held in contempt as he was negotiating for one of his clients to be placed in an accelerated rehabilitative disposition program and was at his office waiting for opposing counsel to arrive. *Id*. at 765 n.6.

The Supreme Court determined that the attorney acted with wrongful intent as he "made a deliberate choice not to be present as ordered" without a legitimate excuse as he did not "present a situation of such compelling urgency as would justify a willful disregard of a court order." *Id*. at 766. The Supreme Court emphasized that the attorney made no attempt to contact the judge to inform him that he would not be attending the call list. *Id*. The Supreme Court noted that the attorney could have easily appeared in the court to ask permission to await the arrival of opposing counsel at his office, which was across the street from the courthouse. *Id*. Further, the Supreme Court found that the willfulness of the attorney's conduct and his wrongful intent was also demonstrated by the fact that he had been held in contempt for court for lateness on a prior occasion. *Id*.

In the instant case, even assuming Appellant inadvertently missed the first deadline to file his Amended Petition due to circumstances related to a family emergency, Appellant was aware of his commitment to meet the second deadline on May 2, 2023, but informed the PCRA court that he would not be filing an Amended Petition on that date.

In addition, the PCRA court determined that Appellant did not provide a legitimate reason for his noncompliance with its order containing the second deadline on May 2, 2023. While Appellant had asserted that he had a family medical emergency as the reason for the first extension request which was granted, Appellant filed a second extension request vaguely referring to the same circumstances without providing any details of an ongoing emergency or urgent circumstances to explain Appellant's noncompliance with the trial court's order. The PCRA court indicated that it found Appellant's "continued family emergency to be disingenuous and greatly inflated without any proof, otherwise, provided to [the] Court." P.C.O., at 7.

While Appellant labeled his motion for a second extension of time as a request, his motion did not seek permission to extend his deadline again, but simply notified the PCRA court that he would not comply with the court-ordered deadline for the Amended Petition on the day it was due and would "require" additional time to complete the Amended Petition. Appellant failed to provide the PCRA court with any advance notice that he was unable to comply with its order even though he had sufficient time to do so.

Further, the PCRA court indicates that when Appellant was given an opportunity at the PCRA hearing to explain why the Amended Petition was filed after the deadline, "[Appellant's] response was not apologetic, but rather accusatory towards the Court for even issuing a Rule to Show Cause." P.C.O. at 7. The PCRA court asserted that Appellant showed continued willful

- 8 -

disregard for the court on the record when he threatened to report her to the Judicial Conduct Board without any ethical basis to do so.  P.C.O. at 7-8.[5]

Similar to the facts in **Marcone**, Appellant made a deliberate choice not to comply with the PCRA court's order and waited until the day the Amended Petition was due to notify the PCRA court that he could not timely file the petition.  Appellant was aware of his obligation to file the Amended Petition on this date and aware that he had missed the first deadline.  Appellant could have given the PCRA court advance notice that he would have difficulty preparing the Amended Petition in this time period, but instead deliberately disregarded his responsibility to ask permission from the PCRA court for additional time to complete his assignment, which he essentially "required" the PCRA court to grant him.

In reviewing the record while mindful of our standard of review, we cannot find that the PCRA court abused its discretion in finding Appellant in contempt of its order.  As such, we affirm the trial court's order.

Order affirmed.

---

[5] While the PCRA court alleged in its Rule 1925(a) opinion that Appellant had engaged in similar behavior in the past, such facts were not recited in the contempt order.  In his appellate brief, Appellant denies having a history of late filings with the lower court.  It does not appear from the record that Appellant was given an opportunity in the lower court to respond to such allegations or advised that such allegations were a basis for the court's finding of contempt.  As such, we decline to consider these allegations on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/03/2024